### ASHWORTH v. HARPER.

The principal debt stated as such in a promissory note, and the amount of attorney's fees agreed thereby to be paid, both constitute an aggregate principal debt, and where both are sued for and the gross sum exceeds one hundred dollars, a judgment for any portion thereof in a justice's court is void for want of jurisdiction.

March 18, 1895. Brought forward from the last term. Code, §4271(a–c).

Affidavit of illegality. Before Judge McWHORTER. Hart superior court. March term, 1894.

Suit was brought in a justice's court on a note attached to the summons, for $93.57 principal, with interest from maturity, and "all cost of collection, including ten per cent. attorney's fees." Judgment was rendered for $93.57 principal, and $1.70 costs; and execution issued accordingly. It was levied, and defendant interposed an affidavit of illegality on the ground that the judgment was void for want of jurisdiction in the justice's court. This was overruled, and defendant excepted.

JAMES H. SKELTON, for plaintiff in error.
W. L. HODGES, *contra*.

ATKINSON, Justice.

The jurisdiction of a justice's court is fixed by the principal sum claimed in the summons; and where the summons claims upon a promissory note a principal debt therein stated, and in addition thereto ten per

cent. for attorney's fees, both sums constitute a part of a principal debt; and if the amount of the principal debt stated as such in a promissory note be such as that, with the amount of attorney's fees stipulated and sued for added thereto, the aggregate would exceed one hundred dollars, the justice's court would be without jurisdiction to render a judgment in the case. The fact that after suit was brought for the principal debt and the attorney's fees as stipulated in the note, the claim for the latter was abandoned and judgment rendered only for the amount of the principal debt, with interest thereon, without attorney's fees, would not cure the defect resulting from the infirmity in the original suit. The jurisdiction of the court being dependent upon the amount of principal *claimed* in the original suit, and not upon the sum for which plaintiff finally obtained a judgment, the recovery of a less sum as expressed in the judgment leaves that judgment nevertheless void. See *Almand* v. *Almand & George*, 95 *Ga.* 204; see also 73 *Ga.* 240.          *Judgment reversed.*