PICKETT *v.* SMITH, and *vice versa.*

1. Even though a promissory note may contain a stipulation for the payment of attorney's fees in the event of its collection by suit, if the principal sum specified in the note, exclusive of the attorney's fees, be one hundred dollars or less, an attachment sued out for the recovery of the specified principal only, with no claim for attorney's fees, is within the jurisdiction of, and properly returnable to, a justice's court, although the specified principal and agreed attorney's fees would, in the aggregate, exceed the sum of one hundred dollars.

2. If the levy of an attachment returnable to a justice's court was void because made by the son of the plaintiff, yet where the defendant in attachment entered an appeal to the superior court, appeared therein at the first term and filed a plea to the merits, he thereby waived all right of objection to the legality of the levy, and could not at a subsequent term, either by plea or motion, call the same in question.

April 15, 1895. By two Justices. Brought forward from the last term.

Appeal. Before Judge JANES. Paulding superior court. August term, 1894.

W. E. SPINKS, BARTLETT & WASHINGTON and J. J. NORTHCUTT, for plaintiff.

MOZLEY & MORRIS, for defendant.

LUMPKIN, Justice.

Two questions were made for determination by this court, one by the main bill of exceptions, and the other by a cross-bill.

1. In *Almand* v. *Almand & George,* 95 *Ga.* 204, this court, following its previous adjudications, held that where an action was brought in a justice's court upon a promissory note for so much principal debt and attorney's fees, the sum of which aggregated more than one hundred dollars, the case was not within the jurisdiction of the court. In *Ashworth* v. *Harper,* 95 *Ga.* 660, the above ruling was adhered to; and it was further decided that where such a suit had been brought for the principal and attorney's fees as stipulated in the note, the fact

that at the trial the claim for attorney's fees was abandoned, and judgment rendered for the principal only, which did not exceed one hundred dollars, would not cure the defect resulting from the infirmity in the original suit, the jurisdiction of the court depending upon the amount claimed in the action, and not upon that for which the plaintiff obtained his judgment. The case now under consideration, which was an action originating in a justice's court, differs from both of the cases just cited in the following essential particular: Although the note sued upon stipulated for the payment of attorney's fees, which, added to the principal specified in the note, amounted in the aggregate to more than one hundred dollars, the attachment sued out was for the recovery of the specified principal only, which was exactly one hundred dollars, and there was no claim whatever for attorney's fees. We do not think the plaintiff was obliged to claim or sue for both principal and attorney's fees, these being distinct and severable demands; and as he did not choose to sue for attorney's fees, we are of the opinion the case was within the jurisdiction of, and properly returnable to, the justice's court. Accordingly, there was no occasion to amend the attachment by making it returnable to the superior court.

2. The other point raised was, that the levy of the attachment was void because made by the son of the plaintiff. In view of the facts appearing in the record, it is unnecessary to determine whether, as an abstract proposition of law, this objection to the levy would or would not be good. The defendant in attachment, after judgment was rendered against him in the justice's court, entered an appeal to the superior court, appeared in the latter tribunal at the first term and filed a plea to the merits. It was too late, after this, for him, either by plea or motion, to call in question the legality of the levy. If his objection to it was good at all, it ought to have been

made and insisted upon long before the case had reached the stage to which it had progressed when this objection was for the first time presented. We think that by originally recognizing the validity of the levy, the defendant waived all right of subsequent objection to it.

*Judgment on both bills of exceptions reversed.*