MORGAN *v.* KISER & COMPANY, for use.

1. When a promissory note contains an agreement to pay "all costs of collection, including ten per cent. attorney's fees," the attorney's fees so provided for amount to ten per cent. on the principal and interest of the note.

2. It follows from the foregoing, that a suit on a note for the sum of ninety dollars principal, which contains a stipulation of the character above mentioned, is not within the jurisdiction of the justice's court, when the principal and attorney's fees claimed in the summons exceed the sum of one hundred dollars.

Submitted June 20, — Decided July 22, 1898.

Affidavit of illegality. Before Judge Janes. Haralson superior court. July term, 1897.

*Price Edwards,* for plaintiff in error.
*McBride & Craven,* contra.

COBB, J. On June 20, 1893, suit was brought in a justice's court upon a promissory note dated October 10, 1891, and due one day after date, for $90.00 principal, with interest at 8 per cent. per annum after maturity, and "all costs of collection, including ten per cent. attorney's fees, and exchange." Judgment was rendered in favor of the plaintiff on July 5, 1893, for $90.00 as principal and $12.60 as interest, with interest on the principal sum from that date, and costs. Execution issued and was levied. Defendant interposed an affidavit of illegality on the ground that the justice's court had no jurisdiction to entertain the suit or to render the judgment. This was overruled, and defendant excepted.

The amount of principal and interest due on the note at the time suit was brought, exclusive of attorney's fees, was $102.20. The question for our consideration is, whether the ten per cent. attorney's fees should be computed on the original principal of $90.00, or on both principal and interest. If the latter be the correct rule, the justice's court in the present case would have no jurisdiction, for the principal sum claimed at the time of the suit would be $100.20. This sum is made up by adding to the principal ($90) ten per cent. of the principal and interest due at the date the suit was filed. It is evident that the plaintiff intended to claim attorney's fees from the way in which the

suit was brought, the note stipulating for such fees being simply attached to the summons, and there being nothing in the summons indicating an intention not to claim the fees. *Peeples* v. *Strickland,* 101 *Ga.* 829. It is true that the note was given after the passage of the act of July 22, 1891 (Acts 1890-91, p. 221), providing that stipulations for attorney's fees in notes are void unless the defendant file a plea to the action and fail to sustain the same; but it has been held, since the passage of this act, that the plaintiff may at the time of bringing his suit claim the attorney's fees which would accrue to him upon the happening of the condition provided for in the act, and that when such claim was made, and the amount of the attorney's fees thus claimed added to the principal make a sum exceeding one hundred dollars, the justice's court would have no jurisdiction in the case. *Rimes* v. *Williams,* 99 *Ga.* 281. That attorney's fees constitute a part of the principal debt is too well settled in this State to admit of discussion. *Ashworth* v. *Harper,* 95 *Ga.* 660, and cases cited; *Almand* v. *Almand,* Id. 204, and cases cited. An examination of all the cases where the question of the jurisdiction of the justice's court was involved, growing out of the stipulation for attorney's fees, will show that in all except *Almand* v. *Almand,* cited supra, ten per cent. of the principal of the note added to the principal made a sum exceeding one hundred dollars; and in the case just referred to, it was necessary that ten per cent. of the interest should be added to the principal and ten per cent. of the principal, to make a sum exceeding one hundred dollars. In that case there was a stipulation in the note that attorney's fees should be calculated on interest as well as principal. It has never been decided by this court whether a stipulation providing generally for ten per cent. attorney's fees required that they should be calculated on the interest as well as on the principal.

Attorney's fees will be calculated upon both principal and interest where it is clear from the terms of the instrument that such was the intention of the parties. Where the note provides, as in the present case, that " all costs of collection, including ten per cent. attorney's fees," will be paid by the maker, it is evident that the intention of the parties was to provide for the costs of

collecting the interest as well as the principal. In such a contract, following the ruling made in the case of *Almand* v. *Almand,* cited supra, the attorney's fees on the interest as well as on the principal became a part of the principal debt. Applying this rule to the facts of the present case, and treating the suit as one claiming attorney's fees, the principal sum sued for was $100.20, and this amount being beyond the jurisdiction of the justice's court, no legal judgment could be rendered in favor of the plaintiff on such suit, and the judgment so rendered was void. *Judgment reversed. All the Justices concurring.*