## JOHNSON *v.* JOHNSON.

When a suit brought in a justice's court, upon a promissory note for one hundred dollars principal, and ten per cent. attorney's fees, is appealed to the superior court, the summons may be so amended in that court as to show that the amount really due upon the note at the time the summons was issued was less than one hundred dollars, inclusive of attorney's fees.

Argued April 8, — Decided July 20, 1901.

Appeal. Before Judge Reagan. Spalding superior court. August 15, 1900.

The suit originated in a justice's court. The exceptions are to the overruling of motions in the superior court, on appeal trial, to dismiss the case for want of jurisdiction, because it was a suit for $100, and ten per cent. attorney's fees; to strike an amendment by which credits on the note were allowed to the extent of $13.83, under a contract referred to in the note sued on; to dismiss the case for the reason before stated, and because the plaintiff could not, by amendment in the superior court, bring the case within the jurisdiction of that court; and to nonsuit on the same ground. The overruling of the defendant's motion for a new trial, on the general grounds, is also excepted to. The summons described the suit as " an action predicated on a promissory note for one hundred dollars, besides interest, which note is hereto attached." The note

was for the sum stated, with interest, and with "all costs of collection, including ten per cent. as attorney's fees," and stated that it was "subject to the stipulations in contract this day signed." This contract was introduced in evidence, and contained a stipulation that "the sum for which this note is given is subject to be credited with all the amounts which" the makers "may have to pay to those holding accounts against" the payee named in the note "and owing accounts to" the makers. The defendant in his plea claimed that he was entitled to certain credits under the contract referred to, which would reduce the balance due to $51.12. There was a verdict against him for $50.52 principal, and $18.79 interest to the date of the verdict. The motion to strike the amendment was made at a term subsequent to that at which the amendment was allowed.

*T. E. Patterson*, for plaintiff in error. *Lloyd Cleveland*, contra.

Cobb, J. The verdict in favor of the plaintiff was for an amount less than that admitted by the defendant in his plea to be due, and therefore he has no right to complain, unless he can establish that the court was without jurisdiction to render any judgment in the case. The case made by the original summons and the copy note attached thereto was beyond the jurisdiction of the justice's court. The attorney's fees stipulated for in the note were a part of the principal, and attaching a note containing such a stipulation as an exhibit to the summons, when there was nothing in the summons to indicate that there was any intention on the part of the plaintiff to abandon his right to claim attorney's fees, made the suit one for the largest amount that might be claimed by the owner of the note under the stipulations thereof. See *Peeples* v. *Strickland*, 101 *Ga.* 829, and cases cited; *Morgan* v. *Kiser*, 105 *Ga.* 104, and cases cited. In *Pickett* v. *Smith*, 95 *Ga.* 757, it was held that while any amount due as attorney's fees stipulated for in a promissory note was a part of the principal, the principal and attorney's fees stipulated for were "distinct and severable demands;" that the payee in the note was not compelled to claim attorney's fees unless he desired to do so; and that therefore an attachment founded upon a note for one hundred dollars, containing a stipulation for ten per cent. attorney's fees, was within the jurisdiction of the justice's court, when it distinctly appeared from the affidavit on which the attachment issued that there was no intention on the part of the

plaintiff in attachment to claim any amount other than the principal and interest on the note. The principle ruled in that case is, that where there is an express abandonment of the attorney's fees, the suit will be treated as one for the amount due on the claim with no sum added for attorney's fees. So construing that decision, it is manifestly not in conflict with the principle just above laid down, which is that the suit will be treated as one claiming attorney's fees, unless the contrary intention is distinctly stated in the summons or affidavit, as the case may be. The trial in the justice's court resulted in a verdict in favor of the plaintiff, and the defendant entered an appeal to the superior court. When the case came on to be tried on the appeal, the defendant made a motion to dismiss the case on the ground that it appeared upon the face of the summons and exhibit thereto attached that the suit was one for an amount beyond the jurisdiction of the justice's court. That an appellant may move to dismiss the case on appeal, for want of jurisdiction in the tribunal from which the appeal was taken, is settled by the decision of this court in the case of *Austell* v. *Atlanta*, 100 *Ga.* 182 (4). In reply to the motion to dismiss the case the plaintiff offered the amendment referred to in the foregoing statement of facts. The court allowed this amendment. It appears from the record that, after the allowance of the amendment, the case was postponed until a subsequent term of the court. When it came on for trial again, the defendant moved to strike the amendment, upon the ground that, the case as originally brought being beyond the jurisdiction of the justice's court, the superior court on appeal had no right to allow any amendment which would have the effect of giving the court jurisdiction. This motion was overruled, and to this ruling exception was taken by the defendant.

The plaintiff in error relies upon the decision made in the case of *Cox* v. *Stanton*, 58 *Ga.* 406, to support his contention that the court had no right to allow the amendment. In that case it was ruled that a creditor could not bring his claim within the jurisdiction of the justice's court by entering a credit thereon without the consent of the debtor. The reason for the ruling there made is thus stated by Mr. Chief Justice Warner: "The note was an entire contract between the plaintiffs and defendant; it took two parties to make it, and required the consent of both parties to the contract to alter and reduce the amount of it so as to bring it within the

jurisdiction of a justice of the peace. The defendant may not have been willing to have made a contract which would have authorized a justice of the peace to adjudicate his rights under it; and shall the plaintiffs be allowed, without his consent, to force him to litigate his rights in that tribunal, by reducing the amount of the contract under the pretext that they do not *claim* but one hundred dollars under that contract? In our judgment they could not legally have done so. The attempt to reduce the amount of the note by the act of the plaintiffs alone, without the consent of the defendant, did not alter or change the contract as it was originally made by the parties to it." If the contract made by the parties was one which, although apparently for more than one hundred dollars principal, was really one for less than that amount, neither the ruling nor the reasoning in the case cited above is applicable. When the note and the contemporaneous written agreement in the present case are taken together and in the light of the averments in the amendment as to the amount due upon the counter-claim referred to in the written agreement, it is clear that there never was at any time a right in the plaintiffs to claim from the defendant a debt the principal of which, either with or without attorney's fees added, would exceed the sum of one hundred dollars. In such a case the justice's court would undoubtedly have jurisdiction to enforce the demand. There is a clear distinction between reducing a claim for an amount exceeding one hundred dollars by voluntarily remitting a portion of the same, and showing that a claim apparently for an amount exceeding one hundred dollars was really one by express agreement between the parties for a sum less than one hundred dollars. If the claim sued on in the present case was really one in which the largest sum that could be in any event collected was less than one hundred dollars, the justice's court had jurisdiction of a suit to enforce the same, and there is no sufficient reason why an amendment to the summons could not have been allowed in the justice's court, setting up facts which would show this to be true, and thus relieve the apparent defect in the summons as originally framed. See in this connection Gates *v.* Jones, 1 Root, 238; Epperey *v.* Little, 6 Ind. 344; Collins *v.* Collins, 37 Pa. St. 387. The law of amendments is very broad. Civil Code, § 5097. It is expressly provided that where there is a failure to allege facts sufficient to show jurisdiction in the court, this omission may be

cured by amendment. Civil Code, §§ 5098, 5107. If the omission to show jurisdiction may be supplied by amendment, we see no good reason why an amendment might not be allowed showing that the claim sought to be enforced is one really within the jurisdiction of the court. While nothing that happens after the suit has been begun can be relied upon to give the court jurisdiction of a case of which it had no jurisdiction at the time the suit was brought, still, if at the time the suit was brought the court had jurisdiction of the subject-matter of the claim, and there was enough in the summons to amend by, we know of no good reason why an amendment relieving the summons of the apparent defect might not be properly allowed. If the amendment could have been allowed in the justice's court, the same right to amend existed when the case was on the appeal in the superior court. In the case of *Reynolds* v. *Neal,* 91 *Ga.* 614, Mr. Chief Justice Bleckley said: "When a case is on appeal in the superior court from a justice's court, any amendment of the summons, whether in matter of form or of substance, may be made which could have been made whilst the case was pending in the primary court. The only restriction on either court is, that there must be enough to amend by." See also Civil Code, § 4469; *Burns* v. *Chandler,* 61 *Ga.* 385. The court did not err in refusing to strike the amendment offered by the plaintiff.

*Judgment affirmed. All the Justices concurring.*