## DeLAMATER *et al.* v. MARTIN.

A suit on a note which provides for the payment of one hundred dollars principal, besides interest and "all costs of collection, including ten per cent. attorneys' fees," where the plaintiff, without objection, files an amendment setting up that he has not complied with the act approved December 12, 1900 (Acts 1900, p. 53), by giving notice to the defendants of his intention to sue for attorneys' fees, and expressly waiving his right to recover such fees, is within the jurisdiction of a justice's court.

. Argued January 16,—Decided February 9, 1903.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. April 25, 1902.

*S. J. Hall* and *W. R. Daley*, for plaintiffs in error.

*J. E. & L. F. McClelland* and *J. D. Kilpatrick*, contra.

CANDLER, J.    In a justice's court in Fulton county Martin brought suit against DeLamater as maker, and McDonald as surety, on a note by which the maker bound himself to pay to the payee " one hundred dollars, . . with interest after maturity at eight per cent. per annum, and all costs of collection, including ten per cent. attorney's fees."    At the trial counsel for the defendants moved to dismiss the suit, on the ground that the amount sued for exceeded the jurisdiction of the justice's court.    Before this motion was passed upon by the magistrate, the plaintiff offered an amendment to his suit, which was allowed apparently without objection, in which he alleged "that the notice of intention to sue, required by acts of legislature approved December 12, 1900, amending section 3667 of the Code of 1895, was not given, and plaintiff further waives any and all rights he has to recover attorney's fees stipulated in the note sued."    Notwithstanding this amendment, the justice dismissed the suit for want of jurisdiction.    The plaintiff carried the case to the

superior court by certiorari.   The judge of the superior court sustained the certiorari and reversed the judgment of the magistrate; whereupon the defendant excepted.

Prior to the passage of the act approved July 22, 1891 (Civil Code, § 3667), it was not contrary to the public policy of this State to enforce obligations for attorney's fees in notes or other evidences of indebtedness, and such contracts were uniformly enforced by the courts.   Under that act, and until the passage of the act approved December 12, 1900, by which it was amended (Acts 1900, p. 53), no court could give a judgment for attorney's fees in any suit on a note or other obligation, although there was a stipulation for such fees, unless a defense was filed to the suit brought thereon, and not sustained.   In the case of *Baxter* v. *Bates*, 69 *Ga.* 587, it was held that where a promissory note contained a promise to pay one hundred dollars, with interest thereon at seven per cent., and five per cent. attorney's fees if the note should be collected by suit, the attorney's fees formed a part of the principal debt to be collected on the happening of a condition, and that the note was not within the jurisdiction of a justice's court.   This ruling was followed in the cases of *Johnson* v. *Stephens*, 69 *Ga.* 756; *Hill* v. *Haas*, 73 *Ga.* 122; *Bell* v. *Rich*, 73 *Ga.* 240; *Searcy* v. *Tillman*, 75 *Ga.* 504; *Beach* v. *Atkinson*, 87 *Ga.* 288; *Almand* v. *Almand*, 95 *Ga.* 204; *Ashworth* v. *Harper*, 95 *Ga.* 660; *Rimes* v. *Williams*, 99 *Ga.* 281; *Peeples* v. *Strickland*, 101 *Ga.* 829; *Morgan* v. *Kiser*, 105 *Ga.* 104.   Some of these cases go the extent of holding that, where nothing to the contrary affirmatively appears from the pleadings, it will be presumed that the plaintiff sues for the greatest amount which he would be entitled to recover on the obligation sued.   All the decisions cited were rendered prior to the passage of the act of 1900, to which we have referred.   In *Pickett* v. *Smith*, 95 *Ga.* 757, the following language was used : "Although the note sued upon stipulated for the payment of attorney's fees, which, added to the principal specified in the note, amounted in the aggregate to more than one hundred dollars, the attachment sued out was for the recovery of the specified principal only, which was exactly one hundred dollars, and there was no claim for attorney's fees.   We do not think the plaintiff was obliged to claim or sue for both principal and attorney's fees, these being distinct and severable demands ; and as he did not choose to sue for attorney's fees, we are of the opinion that

the case was within the jurisdiction of, and property returnable to, the justice's court." In *Rimes* v. *Williams*, 99 *Ga.* 281, it was held that the question of jurisdiction turned upon the amount of principal *claimed* in the original suit; and in *Ashworth* v. *Harper*, 95 *Ga.* 660, Justice Atkinson, delivering the opinion, said : "The jurisdiction of a justice's court is fixed by the principal sum *claimed* in the summons." Under the act of 1900, attorney's fees are in no case recoverable unless notice of the intention to sue therefor is given as required by the act. When the magistrate, without objection, allowed the amendment offered by the plaintiff, in which he alleged that this notice had not been given, and expressly waived his right to claim attorney's fees, the case was clearly brought within the ruling of this court in *Pickett* v. *Smith*, supra. The principal debt of $100 and the stipulation for attorney's fees, contained in the note, constituted distinct and severable liabilities. At the time of bringing the suit the plaintiff had not given the notice required by the act of 1900, and therefore he could in no event have recovered attorney's fees in this action. It is clear that, under the ruling in the case last cited, he had the right to sue for the principal debt alone. It is true that in the summons first issued he apparently sued for an amount beyond the jurisdiction of the justice's court, but as a matter of fact, not having given the requisite notice of his intention to sue for that amount, he in reality sued for less, and his suit was within the jurisdiction of the justice's court.

In *Johnson* v. *Johnson*, 113 *Ga.* 942, it was held that if the claim sued on was really one in which the largest sum that could in any event be collected was less than one hundred dollars, the justice's court had jurisdiction to enforce the same, and that there was no sufficient reason why an amendment to the summons could not have been allowed in the justice's court, setting up facts which would show this to be true, and thus relieve the apparent defect in the summons as originally framed. In that case the real principal stated in the summons had been reduced by a payment made by the debtor. In the present case the claim for attorney's fees was eliminated by failure to comply with the law in regard thereto, and by the express waiver of the plaintiff. The *Johnson* case is clearly distinguished, in the able opinion delivered by Mr. Justice Cobb, from the case of *Cox* v. *Stanton*, 58 *Ga.* 406, and the same distinction is applicable in the present case. As the plaintiff had not given the

notice required by law, he only had a right of action for $100. "The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment." Civil Code, § 5098. The plaintiff, by his amendment, alleged a failure to give the notice which was required by law as a condition precedent to the recovery of attorney's fees. Hence, prior to the beginning of the suit, facts existed which under the law brought this demand within the jurisdiction of the justice's court. There appears no legal reason why the amendment should not have been allowed; and having been allowed, the judgment of the magistrate dismissing the suit for want of jurisdiction was wrong, and the judgment of the superior court setting aside the judgment of dismissal is therefore

                              *Affirmed. By five Justices.*