## SMITH v. PUETT.

In a suit in a justice's court no specific amount was claimed in the summons as due upon a contract attached thereto obligating the defendant to pay $100 in cash and $25 in work. The defendant filed a plea, and pending the suit the summons was amended by an entry of a proper credit on the contract attached to the summons, reducing the amount much below one hundred dollars, and after a trial judgment was rendered in favor of the plaintiff. The judgment thus obtained was not void for want of jurisdiction, and an affidavit of illegality attacking it on that ground was properly dismissed.

Submitted January 18,—Decided February 19, 1906.

Certiorari.　Before Judge Gober.　Cherokee superior court. March 2, 1905.

*E. W. Coleman,* for plaintiff in error.

*Brooke & Henderson,* contra.

EVANS, J.　J. G. Puett brought a suit in the justice's court against G. D. Smith, to recover an amount due upon a certain rent contract attached to the summons.　There was no specific amount claimed to be due in the summons, but the attached contract was an obligation to pay $125,—$100 to be payable in cash and $25 to be payable in work.　Before the trial of the case, a credit of $55 was indorsed upon the rent contract attached to the summons. This was done by the magistrate at the instance of the plaintiff. The defendant filed a plea of set-off; the case was subsequently tried, and a judgment was rendered in favor of the plaintiff.　Upon this judgment execution issued, the execution was levied upon certain property of the defendant, and he filed an affidavit of illegality on the ground that the judgment upon which the execution issued was based upon a contract attached to the summons, for the sum of $125, and that the justice's court had no jurisdiction of the subject-matter, the judgment rendered was therefore void, and the fi. fa.

was proceeding against the defendant illegally. On the trial of the illegality case it appeared that the summons was amended by the magistrate by indorsing the credit of $55 on the attached contract before the case was heard on the merits and the judgment attacked as void was rendered. The magistrate dismissed the illegality on motion, and the defendant sued out a writ of certiorari; the certiorari was overruled, and the bill of exceptions complains of the judgment overruling the certiorari.

The same strictness of pleading is not observed in justice's courts as is practiced in courts of record. The summons must either contain the cause of action, or a bill of particulars must be attached. When the summons has a bill of particulars attached which claims an amount apparently in excess of $100, it is permissible, before trial, to amend the same by any proper credit which will bring the case within the jurisdiction of the court. *Johnson* v. *Johnson,* 113 *Ga.* 942; *DeLamater* v. *Martin,* 117 *Ga.* 139. Before the rendition of the judgment, the pleadings had been amended so as to affirmatively show that the amount claimed in the suit was within the jurisdiction of the court. No exception was taken to the amendment which was allowed by the magistrate, and the judgment thereafter rendered was not open to attack by illegality on the ground that the summons, as originally issued, was for a sum in excess of $100. There was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concur.*