### GODFREE & DELLINGER *v.* BROOKS.

Since the adoption of the act of 1900 (Acts 1900, page 53), where a plaintiff in a suit in a justice's court declares upon a promissory note, and by the original summons cites the defendant to answer the complaint "in an action upon a note, a copy of which said note is annexed to this summons," the copy of the note attached stipulating for the payment of $100 as principal and 10 per cent. as attorney's fees, but the summons being silent as to giving the notice specified in the act, such summons is not to be construed as a suit for attorney's fees, and the justice's court has jurisdiction of the subject-matter.

Submitted July 18,—Decided November 9, 1906.

Appeal. Before Judge Felton. Bibb superior court. November 7, 1906.

*A. W. Stokes* and *Glawson & Fowler,* for plaintiffs.

ATKINSON, J. The plaintiffs instituted suit in a justice's court. In the original summons the defendant was commanded to be and appear, etc., "to answer the complaint of Godfree and Dellinger in an action upon a note, a copy of which said note is annexed to this summons." Copies of four notes for $25 each, besides interest and attorney's fees, were attached. The notes were dated November 1, 1902.' There was no other allegation in the summons referring to the amount sued for. If attorney's fees be added to the principal, the total sum would exceed $100. After judgment in the justice's court, the case was appealed to the superior court. Upon the trial of the appeal case, the court, upon motion of counsel for the defendant, dismissed the original suit, on the ground that the justice's court was without jurisdiction. The plaintiffs assign error on that ruling.

It is urged that the justice's court did have jurisdiction; that the attorney's fees provided for in the note were not, under the act of 1900 (Acts 1900, p. 53), collectible, except upon giving the notice provided in the act; that there was no allegation of any such notice having been given, and that no attorney's fees were claimed. Fairly construed, the original summons is a suit for all that by law was collectible under the note at the time of filing the suit. The law on the subject of contracts for attorney's fees, as expressed in the act of 1900, provides: "Obligations to pay attorney's fees, upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same; *provided,* the holder of the obligation sued upon, his agent or attorney, notifies the defendant in writing ten days before suit is brought of his intention to bring suit, and also the term of the court to which suit will be brought." Under this law it is a condition precedent to the enforcement of a promise to pay attorney's fees that the notice referred to in the act be given. Such notice being a condition precedent, the attorney's fees, without the notice having been given, are not collectible at law. The law is to be regarded as a part of the contract; and without the notice having been given, the stipulation for attorney's fees is void and may be treated as not in the note. It follows that the summons, failing to indicate that the

notice had been given, can not be treated as a suit for the attorney's fees. Without the condition precedent performed, there could be no recovery for them; and as the suit was only for such money as at the time of the institution of the suit was collectible by law, it is clear that attorney's fees were not involved. As the principal sum claimed after the attorney's fees are eliminated was not in excess of $100, it follows that the justice's court was not without jurisdiction. This case differs from *Hamilton* v. *Rogers,* ante, 27, and *Peeples* v. *Strickland,* 101 *Ga.* 829, in that the notes sued upon in those cases were executed prior to the act of 1900, and at a time when the law did not impose, as a condition precedent to the enforcement of the promise to pay attorney's fees, the doing of a thing required to be done before the institution of the suit. In principle the ruling here made is supported by *DeLamater* v. *Martin,* 117 *Ga.* 139-141. In that case the question was as to the right of the plaintiff to amend by alleging an omission to give the notice, the court holding that, with the amendment in, the court had jurisdiction. We go one step further and hold that because the condition was precedent, the court had jurisdiction without amendment. If this were not true, the ruling in the *DeLamater* case would not be sound, because the Civil Code, § 4068, would not permit the plaintiff to write off a part of his demand for the purpose of giving the court jurisdiction. It has been long established that a creditor can not bring his claim within the jurisdiction by entering a credit which had not in fact been paid. *Cox* v. *Stanton,* 58 *Ga.* 406.

*Judgment reversed.    All the Justices concur.*