## 6555. MacDonald v. Ware & Harper.

RUSSELL, C. J. 1. The rulings in *Johnson* v. *Johnson,* 113 *Ga.* 942 (39 S. E. 311), *DeLamater* v. *Martin,* 117 *Ga.* 139, 141 (43 S. E. 459), and *Godfree* v. *Brooks,* 126 *Ga.* 627 (55 S. E. 938), control the jurisdictional point. "Since the adoption of the act of 1900 (Acts of 1900, p. 53), where a plaintiff in a suit in a justice's court declares upon a promissory note, and by the original summons cites the defendant to answer the complaint 'in an action upon a note, a copy of which said note is annexed to the summons,' the copy of the note attached stipulating for the payment of $100 as principal and 10 per cent. as attorney's fees, but the summons being silent as to giving the notice specified in the act, the summons is not to be construed as a suit for attorney's fees, and the justice's court has jurisdiction of the subject-matter." *Godfree* v. *Brooks,* supra. This is true even though, as in the present case, there was a petition attached to the summons, in which a recovery of attorney's fees was asked; since the petition contained no statement that the statutory notice of an intention to claim attorney's fees had been given, and the summons itself did not refer to the attorney's fees. "The jurisdiction of a justice's court is fixed by the principal sum claimed in the summons" (*Ashworth* v. *Harper,* 95 *Ga.* 660, 22 S. E. 670); but where the amount apparently claimed is in excess of the jurisdiction of the justice's court, the defect in the suit as originally framed may be obviated by an amendment of the summons. *Johnson* v. *Johnson,* supra.

2. The answer of the magistrate renders innocuous the assignment of error as to the rejection of certain copy-depositions, by certifying that they were in fact submitted to the jury.

3. The remaining exceptions in the petition were not argued in the briefs. Upon the grounds stated above, the court did not err in overruling the certiorari.          *Judgment affirmed.*

DECIDED JANUARY 7, 1916.

Certiorari; from DeKalb superior court—Judge C. S. Reid. April 10, 1915.

*Paul L. Lindsay,* for plaintiff in error.

*W. P. Coles, Moore & Pomeroy,* contra.