# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION

### NASHVILLE, DECEMBER TERM, 1916.

JOHN H. FIELDS *v.* W. L. HORN *et al.*

(*Nashville.* December Term, 1916.)

1. **COURTS.** Appellate courts. Jurisdiction.
Interest accruing to the date of the decree in a chancery court, allowing or denying recovery on a note, is to be treated as a part of the amount in controversy in an appellate court. (*Post, p.* 632.)

Cases cited and approved: The Patapsco, 12 Wall, 451; Benson Mining Co. v. Alta Mining Co., 145 U. S., 428.

2. **COURTS.** Appellate courts. Jurisdiction.
Interest accruing after the date of a decree in the chancery court, allowing or denying recovery on a note, is not a part of the amount in controversy in an appellate court. (*Post, p.* 632.)

Case cited and approved: Ortega v. Lara, 202 U. S., 339.

3. **COURTS.** Appellate courts. Jurisdiction.
Although a provision in a note for the payment of ten per cent. attorney's fees if placed in the hands of an attorney for col-

Fields v. Horn.

lection is a part of the note obligation enforceable by the holder as distinguished from penalty or costs, it is only to be treated as added to the amount of principal and interest due on judgment date, in determining what appellate court has jurisdiction, when its allowance is specially prayed. (*Post, pp.* 632, 633.)

Acts cited and construed: Acts 1907, ch. 82.

Cases cited and approved: Merrimon v. Parkey, 136 Tenn., ——, Parks v. Granger, 96 Miss., 503; Humphrey v. Coquillard Wagon Works, 37 Okla., 714; Springstead v. Crawfordsville State Bank, 231 U. S., 541; Davis v. Jones, 109 Ala., 418; Godfree v. Brooks, 126 Ga., 627.

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—JNO. ALLISON, Chancellor.

JAS. S. PILCHER and L. R. CAMPBELL, for appellant.

W. L. TALLEY, F. A. BERRY and PENDLETON & DE-WITT, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

In this case a question arises as to whether jurisdiction on the appeal is with the court of civil appeals or this court; and the determination of the question depends upon the amount involved, and concerns two factors.

In one aspect the right to a judgment on a certain note in the amount of $750, when executed, is involved.

May interest accrued on the note be considered in ascertaining the amount in controversy on appeal?

(a) The rule is that interest, accrued to the date of the decree in the chancery court allowing or denying recovery on the note, is to be treated as a part of the amount so involved. *The Patapsco,* 12 Wall., 451, 20 L. Ed., 457; *Benson Mining Co.* v. *Alta Mining Co.,* 145 U. S., 428, 12 Sup. Ct., 877, 36 L. Ed., 762.

(b) But interest accruing after the rendition of the judgment appealed from is not deemed a part of the amount in controversy in an appellate court. *Ortega* v. *Lara,* 202 U. S., 339, 26 Sup. Ct., 707, 50 L. Ed., 1055; notes, 13 Ann. Cas., 396, and Ann. Cas., 1914C, 530.

The note referred to contains a provision for the payment of ten per cent. attorney fee if it be placed in the hands of an attorney for collection. May the amount of such a fee be considered a part of the amount in dispute?

(a) With us such a fee is a part of the note obligation enforceable by the holder as distinguished from penalty or costs (*Merrimon* v. *Parkey,* 136 Tenn.,—, 191 S. W., 327), and its amount should be treated as added to the amount of principal and interest due, on judgment date, in determining what court has jurisdiction on appeal. *Parks* v. *Granger,* 96 Miss., 503, 51 So., 716, 27 L. R. A. (N. S.), 157 Ann. Cas., 1912B,

232, and note; *Humphrey* v. *Coquillard Wagon Works*, 37 Okl., 714, 13 Pac., 899, 49 L. R. A. (N. S.), 600, and note; *Springstead* v. *Crawfordsville State Bank*, 231 U. S., 541, 34 Sup. Ct., 195, 58 L. Ed., 354.

(b) However, this is not the rule unless allowance of the fee so stipulated for is specifically prayed. *Davis* v. *Jones*, 109 Ala., 418, 19 South., 841; *Godfree* v. *Brooks*, 126 Ga., 627, 55 S. E., 938.

In this case there was no demand or prayer for the allowance of such fee, to the amount of ten per cent. or any other definite, addable sum.

Without the allowance of such items of after-accruing interest and attorney's fee, the amount in controversy on appeal is less than $1,000, and the jurisdiction to try the appeal is with the court of civil appeals. Acts 1907, chapter 82.

The cause will be transferred to that court.