### 8558.  WIMBERLY *v.* OCMULGEE GUANO COMPANY.

1. While it is true that the principal debt stated as such in a promissory note, and the amount of attorney's fees agreed thereby to be paid, both constitute an aggregate principal debt, and where both are sued for, and the gross sum exceeds one hundred dollars, a judgment for any portion thereof in a justice's court is void for want of jurisdiction (*Ashworth* v. *Harper*, 95 *Ga.* 660, 22 S. E. 670; *Almand* v. *Almand*, 95 *Ga.* 204, 22 S. E. 213; *Peeples* v. *Strickland*, 101 *Ga.* 829, 29 S. E. 22; *Morgan* v. *Kiser*, 105 *Ga.* 104, 31 S. E. 45), yet where the justice's court summons is silent as to giving the ten days notice of intention to sue for attorney's fees, as is now provided for as a condition precedent to their recovery by section 4252 of the Civil Code of 1910, the suit can not be treated as claiming attorney's fees, and the justice's court has jurisdiction of the cause if the amount of the stated principal sued for be within one hundred dollars, and can render legal judgment therefor, with interest. *DeLamater* v. *Martin*, 117 *Ga.* 139 (43 S. E. 459); *Godfree* v. *Brooks*, 126 *Ga.* 627 (55 S. E. 938); *MacDonald* v. *Ware*, 17 *Ga. App.* 450 (87 S. E. 679). Prior to the enactment of the statute now of force, requiring the giving of notice as to attorney's fees as a condition precedent to their recovery, the rule was different, *Hill* v. *Haas*, 73 *Ga.* 122. Thus, it was not error for the court, in a money-rule proceeding, to admit in evidence the justice's court executions each for $100 principal, besides interest and attorney's fees, where it was also shown that the summons from the justice's court in which they were obtained failed to state the giving of the statutory notice for attorney's fees, and where each of the executions had entered thereon the following: "The attorney's fees shown in within fi. fa. not having been sued for, the same are hereby disclaimed and written off." *Shahan* v. *Myers*, 130 *Ga.* 724 (61 S. E. 702); *Smith* v. *Knowles*, 12 *Ga. App.* 715 (78 S. E. 264); *Latimer* v. *Sweat*, 125 *Ga.* 475 (54 S. E. 673).

2. The lien of a common-law judgment binds the property of the defendant from its date, while the lien of a distress warrant, upon property other than crops raised on the rented premises, attaches only from the date of its levy. The lien given to landlords for supplies, etc., furnished to their tenants in the making of crops can be foreclosed only on such crops of the year in which the advances are made, and a fi. fa.

issued under such a foreclosure can not be levied upon or claim other property. The award of the fund as made by the trial judge was in accordance with law.

DECIDED NOVEMBER 14, 1917.

Money rule; from Bleckley superior court—Judge Graham. January 12, 1917.

*Minter Wimberly, C. A. Weddington,* for plaintiff in error.

*Marion Turner,* contra.

JENKINS, J. In *DeLamater* v. *Martin,* supra, Mr. Justice Candler says: "At the time of bringing the suit the plaintiff had not given the notice required by the act of 1900, and therefore he could in no event have recovered attorney's fees in this action. It is clear that, under the ruling in the case last cited [*Pickett* v. *Smith,* 95 *Ga.* 757, 22 S. E. 669], he had the right to sue for the principal debt alone. It is true that in the summons first issued he apparently sued for an amount beyond the jurisdiction of the justice's court, but as a matter of fact, not having given the requisite notice of his intention to sue for that amount, he in reality sued for less, and his suit was within the jurisdiction of the justice's court." In the case of *Godfree* v. *Brooks,* supra, Mr. Justice Atkinson, in discussing the *DeLamater* case, says: "In that case the question was as to the right of the plaintiff to amend by alleging an omission to give the notice, the court holding that, with the amendment in, the court had jurisdiction. We go one step further and hold that, because the condition was precedent, the court had jurisdiction without amendment." In the instant case, although the summons apparently included a specific claim for attorney's fees, still, since the condition precedent for their recovery is not made to appear, the suit must be taken as in fact embracing no such claim, and the entering up of a void judgment for the fees which were not sued for, in reality and in a legal sense, would not affect the validity of the judgment had for the amount of principal and interest sued for and within the jurisdiction of the court.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*