## 23331. GRAHN CONSTRUCTION COMPANY *v.* PRIDGEN.

DECIDED SEPTEMBER 26, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Cotterill, Hopkins, Bryan & Ward,* for plaintiff in error.
*Augustine Sams,* contra.

GUERRY, J. R. L. Pridgen, doing business as Pridgen Roofing Company, brought suit against the Grahn Construction Company for $223.31. It appears that Grahn Construction Company, as the main contractor with the United States government for the erection of a post-office at Eatonton, Georgia, entered into a contract with the plaintiff as subcontractor, in which it was provided that the plaintiff agreed to furnish "all labor and materials for all roofing and all sheet metal work and all flashing," and that the work was to be done "in accordance with the general conditions of the contract between the owner and the contractor and in accordance with the drawings and specifications prepared by the supervising architect for the U. S. Treasury department, hereinafter called the architect." The suit was for alleged extras furnished by the plaintiff in the performance of its part of the contract for which it claims extra compensation under the contract. The petition also

contained an allegation with reference to the breach of an express contract of bailment by the defendant. However, according to admissions made by plaintiff in error we are not here concerned with that feature of the case. Defendant made a motion to dismiss the suit, contending that before it could be held liable for extras furnished, it must appear that the extras were allowed in writing and authorized by the architect, and a signed order issued to the contractor by the architect, allowing him the amount involved for the extra in question; and that it, as the main contractor, has been paid for the alleged extras by the owner, and that the petition, not showing the performance of these conditions precedent, was fatally defective. The court overruled these contentions and the case was submitted to a jury, and the trial resulted in a verdict in favor of the plaintiff. The case was appealed to the appellate division of the municipal court and the judgment was affirmed. The case comes now to this court for determination.

We think that only two questions become of importance to a decision of this case. (1) Do the extras sued for come within the contract, which provides that "no extras shall be allowed under this contract unless in writing and same is authorized by the architect, and a signed order issued to the contractor by the architect, allowing him the amount involved for the extra in question and paid him by the owner," thus making conditions precedent to a suit therefor; or do they come within the provision in the contract that "the contractor agrees to pay the subcontractor for the performance of his work the sum of $1300, . . subject to additions and deductions for charges as may be agreed upon," . . thus creating no condition precedent. (2) If it is concluded that the extras come under the first provision quoted, and that the petition is fatal because of the lack of allegations showing that such conditions had been performed, did the defendant waive them, or is it estopped as to this defense because of its signature of approval on the written orders for the extras?

It is unquestionably true that the amount of the extras sued for was not included in the original contract covered by the consideration of $1300. This being a suit for less than $500 in the municipal court of Atlanta, were such items subject to the defendant's motion to strike, it not being alleged that the conditions precedent in the contract had been complied with? The rules of justice's

court practice being applicable in the present case, it becomes pertinent to inquire as to the right and duty of the judge of the municipal court to sustain a motion to strike. Even under justice's court practice the plaintiff must set forth "with some degree of certainty his cause of action, and, having done so, must recover, if at all, upon the cause as laid." *Powell* v. *Alford,* 113 *Ga.* 979 (39 S. E. 449) ; *Mayer* v. *Southern Express Co.,* 17 *Ga. App.* 744 (88 S. E. 403). In *Bush* v. *Addison,* 40 *Ga. App.* 799 (151 S. E. 526), it was said that "where the plaintiff in a justice's court attaches to the summons a petition in which he undertakes to set forth his entire ground of complaint, and the statement therein fails to show a cause of action, it is not error for the magistrate to sustain a general demurrer and dismiss the petition. *Atlanta & West Point R. Co.* v. *Georgia Ry. & El. Co.,* 125 *Ga.* 798 (54 S. E. 753) ; *Atlanta, Knoxville &c. Ry. Co.* v. *Shippen,* 126 *Ga.* 784 (55 S. E. 1031). *Mayer* v. *Southern Express Co.,* supra."

Where a cause of action is dependent upon a condition precedent, it is necessary to *plead* and prove the performance of the condition precedent. This principle applies to the pleadings in the present case. In *Godfree* v. *Brooks,* 126 *Ga.* 627 (55 S. E. 938), it is said: "Under this law it is a condition precedent to the enforcement of a promise to pay attorney's fees that the notice referred to in the act be given. Such notice being a condition precedent, the attorney's fees, without the notice having been given, are not collectible at law. The law is to be regarded as a part of the contract; and without the notice having been given, the stipulation for attorney's fees is void and may be treated as not in the note. It follows that the summons, failing to indicate that the notice had been given, can not be treated as a suit for the attorney's fees. Without the conditions precedent performed, there could be no recovery for them." *Wimberly* v. *Ocmulgee Guano Co.,* 21 *Ga. App.* 270 (94 S. E. 288) ; *MacDonald* v. *Ware,* 17 *Ga. App.* 450 (87 S. E. 679). The contract attached to the petition states that no extras shall be allowed unless in writing and authorized by the architect and a signed order issued to the contractor by the architect, allowing him the amount involved for the extra in question and *paid him* by the owner. A compliance with these conditions was necessary. The pleadings fail to show that this was done. The approval in writing by the architect and the payment by the owner

to the contractor was as essential to the rights of the subcontractor as to the contractor. Under the contract the original contractor was the "Adam of the race" of subcontractors. In him their rights rose or fell. The motion to strike should have been sustained, and the court erred in refusing to do so. The facts as shown by the evidence do not create against the defendant any estoppel which prevents him from raising the above defense to the suit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*