33427. DUPREE *et al. v.* BLANKENSHIP.

DECIDED MARCH 15, 1951. REHEARING DENIED MARCH 29, 1951.

*Lucian J. Endicott,* for plaintiffs in error.

*Newell Edenfield,* contra.

SUTTON, C. J. It appears from the record and the briefs of counsel that an action in bail trover was brought by Mr. and Mrs. R. P. Dupree against R. L. Blankenship in the Civil Court of Fulton County, to recover an 8-foot Hussman self-service freezer of the alleged value of $1200, the suit being based on a retention-title contract between the plaintiffs and the defendant. The defendant filed an answer denying liability, and pleaded: that the plaintiff's claim of title to the property described in the petition was based on a retention-title contract dated March 15, 1950, a copy of which was attached to and made a part of the answer; that following the execution of said retention-title contract, the plaintiffs filed a statutory foreclosure thereunder in the Civil Court of Fulton County, the same being suit No. 212491 in said court; that in said foreclosure proceeding sufficient property of the defendant was sold and a sufficient price obtained to pay the demand of the plaintiffs in full, except for an item of $250 attorney's fees unlawfully asserted by the plaintiffs for bringing said proceeding; and that by reason of these facts, the plaintiffs have been paid in full and no longer have any title to the property described in the petition.

On the trial of the trover action (No. 216053), evidence was introduced, including the retention-title contract and record in the foreclosure case (No. 212491) in the Civil Court of Fulton County, which showed that the property sold under the foreclosure of the retention-title contract brought more than enough to pay the plaintiffs' claim and the costs, exclusive of the item of $250 attorney's fees. The statutory foreclosure proceeding on the retention-title contract was for $2683.08, principal; $14.66, interest; and $250, attorney's fees; and the property levied on thereunder was sold to the plaintiffs for $3000, which was considerably more than enough to pay the debt in full, except for the item of attorney's fees; and it appears that no notice for the collection of attorney's fees was given, alleged, or proved, as is required by law. At the conclusion of the evidence, the court directed a verdict in favor of the defendant as follows: "We

the jury, find in favor of the defendant, this 2nd day of November, 1950," and entered the following judgment: "It appearing to the Court from the evidence adduced that the sum of $250 as attorney's fees in suit No. 212491, the same being a foreclosure proceeding by the plaintiffs against the defendant, was uncollectible, and it further appearing that except for such item, the conditional sales contract on which the present action was based would be satisfied in full, giving to the plaintiffs no title to the property sued for, it is considered, ordered and adjudged as follows:

"The Marshal of this Court is hereby directed in case No. 212491, to recalculate the payment shown therein, eliminating the item of $250 attorney's fees inadvertently allowed therein, and to adjust the payment of the proceeds of sale therein shown accordingly.

"In the present action, it appearing that by reason of the foregoing facts, the debt upon which the plaintiffs' claim of title is based has been paid, a verdict is hereby directed in favor of the defendant on the issue of title to the property sued for.

"Further ordered and decreed that the defendant do recover of the plaintiffs the sum of $_____ costs of court."

No motion for a new trial was filed and no exception to the verdict and judgment was taken in so far as the same related to the title to the property involved in the trover action; but the plaintiffs thereafter filed a motion to set aside the first two paragraphs in the above order or judgment, with respect to the $250 item for attorney's fees in the foreclosure proceeding, on the ground that the order of the court directing the marshal to recalculate the payment shown in No. 212491, eliminating the item of attorney's fees, is illegal and void and deprives the plaintiffs of a substantial right. Said motion to set aside was overruled and denied, and the exception here is to the judgment denying the motion to set aside.

1. Code, § 20-506, as amended by the act of 1946 (Ga. L. 1946, pp. 761, 766; Code (Ann. Supp.), § 20-506), is as follows: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail

to pay such debt on or before the return day of the suit which is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent or attorney notifies the defendant in writing 10 days before the suit is brought of his intention to bring suit."

In the statutory foreclosure proceeding of the retention-title contract the plaintiffs were not entitled to collect attorney's fees as there was no compliance with the provisions of the statute as to fixing the obligation for the payment of attorney's fees in that proceeding. *Davenport* v. *Richards,* 138 *Ga.* 611 (75 S. E. 648) ; *Pritchard* v. *McCrary,* 122 *Ga.* 606 (50 S. E. 366) ; *Godfree & Dellinger* v. *Brooks,* 126 *Ga.* 627 (55 S. E. 938) ; *Valdosta &c. R.. Co.* v. *Citizens Bank,* 14 *Ga. App.* 329, 331 (80 S. E. 913) ; *MacDonald* v. *Ware & Harper,* 17 *Ga. App.* 450 (87 S. E. 679).

2. A void judgment may be attacked in any court by any person. Code, § 110-701. But here the trover proceeding was between the same parties, in the same court, and based on the same instrument as the statutory foreclosure proceeding, and the trial judge did not err in directing that the item of $250 attorney's fees be eliminated from the recovery in the foreclosure proceeding, as the same was unauthorized and void. *Shahan* v. *Myers,* 130 *Ga.* 724 (61 S. E. 702) ; *Smith* v. *Knowles,* 12 *Ga. App.* 715 (78 S. E. 264).

3. The trial judge did not err in denying the motion to set aside the two specified paragraphs in the judgment in the trover action.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs in the judgment.*