## 51840. LENISTON v. BONFIGLIO.

MARSHALL, Judge.

Mrs. Bonfiglio, plaintiff below, filed her complaint in the State Court of DeKalb County for $200 for damages to her automobile allegedly caused by the negligence of Mrs. Leniston, appellant herein. Service of process was made by a deputy marshal by "tacking" the summons to the door of appellant's most notorious place of abode in DeKalb County. Appellant moved to dismiss the complaint for lack of personal jurisdiction in that she had not been properly served. The trial court allowed plaintiff to amend her complaint by changing the amount demanded from $200 to $150. The motion to dismiss was denied. The case proceeded to trial, without a jury, and judgment was entered for plaintiff in the amount of $131.06. Appellant appeals asserting two errors. *Held:*

1. Appellant contends that the trial court lacked jurisdiction over her person in that the service of process was improper. She points out that since the complaint was for $200, service of process could be perfected *only* by serving "the defendant personally, or by leaving copies thereof at his dwelling house . . . with some person of suitable age ..." under CPA § 4 (d)(7) (Ga. L. 1966, pp. 609, 610, as amended by Ga. L. 1968, pp. 1104, 1105; Code Ann. § 81A-104 (d)(7)). She asserts further that subsection (6) of CPA § 4 (d), supra, which provides for

152

service by "leaving a copy at the most notorious place of abode" when the amount claimed is less than $200[1], is inapplicable here since the plaintiff's amendment changing the amount claimed cannot relate back to validate the service of process.

The question presented is may a complaint be amended so as to validate service of process. There are no Georgia cases on this point, though the Georgia appellate courts have interpreted the amendment provisions of CPA § 15 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694; Code Ann. § 81A-115) to permit a liberal use of amendments, e.g., to verify an answer (*Rigby v. Powell,* 233 Ga. 158 (2) (210 SE2d 696)); to plead a new cause of action (*McDonald v. Rogers,* 229 Ga. 369 (7) (191 SE2d 844)), and to permit notice of a claim against a municipality (*City of Atlanta v. Fuller,* 118 Ga. App. 563 (a) (164 SE2d 364)). The "relation back" provision of subsection (c) of CPA § 15 has also been liberally construed, e.g., to add parties after the statute of limitation has run (*Gordon v. Gillespie,* 135 Ga. App. 369 (217 SE2d 628)); to bring a new cause of action after the limitation period had run (*Sam Finley, Inc., v. Interstate &c. Ins. Co.,* 135 Ga. App. 14 (2) (217 SE2d 358)); to plead facts upon which the court's venue depends (*Daniel & Daniel, Inc. v. Cosmopolitan Co.,* 137 Ga. App. 383; *Middlebrooks v. Daniels,* 129 Ga. App. 790 (201 SE2d 338)). In addition, Moore states in his treatise, "Courts have allowed amendments to relate back in order to permit valid service of process, in certain other instances." See, 3 Moore's Federal Practice § 15.15 (6), p. 1071, and cases cited therein. Jurisdictional amendments

---

[1]Service of process by "tacking it on the door," as authorized under CPA § 4 (d)(6), supra, may have serious constitutional shortcomings. See *Womble v. Commercial Credit Corp.,* 231 Ga. 569 (203 SE2d 204) and *Pelletier v. Northbrook Garden Apts.,* 233 Ga. 208 (210 SE2d 722). However, appellant did not make a constitutional attack at trial and does not attempt to do so on appeal probably because of the holding in *Bryant v. Prior Tire Co.,* 230 Ga. 137 (196 SE2d 14).

were also allowed prior to enactment of the CPA. See *Johnson v. Johnson,* 113 Ga. 942 (39 SE 311); *MacDonald v. Ware & Harper,* 17 Ga. App. 450 (1) (87 SE 679). Under these authorities we see no reason why an amendment should not relate back to the original complaint thereby validating service of process.

2. The appellant also enumerates as error the admission into evidence of a copy of the BankAmericard charge receipt showing that plaintiff charged $131.06 to an auto repair shop. She testified that the charge was made for the damages to her car caused by the collision. This receipt is not unlike a canceled check, which may be admitted to show that certain expenses were actually paid by a party. *Warren v. Gray,* 90 Ga. App. 398 (2) (83 SE2d 86). Whether alone it was sufficient to support a verdict is not enumerated as error. A brief cannot supply an enumeration of error. "Enumerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former." *Hohlstein v. White,* 117 Ga. App. 207, 208 (160 SE2d 232). See Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243; 1968, pp. 1072, 1077 (Code Ann. § 6-810); *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706 (177 SE2d 70); *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318).

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 2, 1976 — REHEARING DENIED MARCH 17, 1976.

*Lawrence J. Lehman,* for appellant.
Alice S. Bonfiglio, *pro se.*