### JEFFERS *et al. vs.* WARE.

[Jackson, Chief Justice, did not preside in this case, on account of providential cause.]

A summons calling the defendant into court to answer the plaintiff's demand is indispensable to give jurisdiction to a justice court. Without it, no case is pending between the parties, and any judgment rendered in its absence is void, and may be so held in any court, when it becomes material to the interest of the parties to consider it; it may be attacked in any court by anybody.

(a.) A judgment having been rendered against a defendant and the security on his bond dissolving a garnishment, without any summons on which to base the same, it should have been set aside on motion of the security.

December 4, 1883.

Justice Courts. Jurisdiction. Judgments. Nullities. Before Judge RONEY. Richmond Superior Court. October Adjourned Term, 1882.

Reported in the decision.

F. W. CAPERS, Jr., by M. CUMMING, for plaintiffs in error.

W. H. FLEMING, for defendant.

HALL, Justice.

This was an appeal from a justice's court, tried in the superior court of Richmond county, and on that trial, a verdict was found for the plaintiff. The defendants moved for a new trial on two grounds.

(1.) Because the court erred in overruling defendants' motion to continue the case, for the reason that the proceedings did not disclose that there had been any original

suit in the lower court, and in ruling that, inasmuch as it appeared from the statements of counsel, that all the record in that court is here, that the defendants were present in that court, had pleaded the general issue *ore tenus*, and went to trial without objection, they had waived all right to object at this stage of the case to the absence of pleadings—the defendant upon said trial having obtained judgment in his favor, from which plaintiffs appealed.

(2.) Because the verdict was contrary to evidence.

This motion was made before Judge Tompkins on 22d of June, 1882, and on the 26th day of February thereafter was overruled by Judge Roney. No bill of exceptions was prosecuted thereto.

There had been a garnishment in the suit, which was dissolved by the defendants' giving bond, with Newberry as security. When the verdict was returned in the superior court, judgment was entered both against the defendants and the security on the bond dissolving the garnishment. At the April term, 1883, of the superior court, the defendants and security on the bond dissolving the garnishment moved to set aside the judgment rendered against them, upon this, among other grounds : that no suit was ever instituted against the defendants in the justice's court from which an appeal could be taken, no summons having issued and been served upon the defendants, and without this that no garnishment could issue which a bond could be taken to dissolve; in short, that the entire proceeding was a nullity. This motion was overruled, and from the judgment overruling the same a writ of error was prosecuted to this court.

The record here shows that the grounds taken in this motion were supported by the facts in the case. A summons, calling the defendants into court to answer the plaintiff's case, was indispensable to give jurisdiction to the justice's court. Without it there was no case pending between the parties,—Code, §4139,—and any judgment rendered in its absence is void. 54 *Ga.*, 496. A judgment

of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court, when it becomes material to the interest of the parties to consider it. Code, §3594. The law goes further, and declares that a void judgment may be attacked in any court and by anybody. *Id.*, §3828

It follows from these provisions of the Code that the motion to set aside the judgment in this case should have been sustained, and that the superior court erred in disallowing and overruling it.

Judgment reversed.