FARKAS vs. STEWART.

1. A case in a justice's court, in 1880, needed no pleading except the summons. Where the suit was for damages to personal property, and the verdict on appeal was within the jurisdiction of a justice's court, the fact that the summons failed to specify the amount of damages claimed will not require a reversal, no plea to the jurisdiction having been filed.
2. The mule in controversy died, and the question was, whether it died of a disease it had when sold, latent or patent, soundness having been warranted; and such was the charge of the court.
3. The allowing of a leading question is largely in the discretion of the presiding judge.
4. The case being brought here for delay only, damages are awarded. Judgment affirmed.

March 4, 1884.

JACKSON, Chief Justice.

[A. G. Stewart brought suit in a justice's court on January 30, 1880, against Sam. Farkas. The summons was in the usual form, except that in the caption it was stated to be an action of "debt on warranty of mule," and in the body of the summons the defendant was called on to answer plaintiff's "demand in an action of debt on warranty, a copy of which is hereto attached." No copy was attached, nor was the amount of damages stated. The justice rendered judgment for the defendant, and plaintiff appealed to the superior court.

On the trial, the evidence for the plaintiff was, in brief, as follows: He bought the mule from defendant and drove it home with a light load; next day it developed symptoms of distemper. He treated it for that disease, but it

died in fifteen days. His horse, after coming in contact with the mule, also had distemper. If symptoms of this disease appeared the day after the purchase, it must have existed before. The amount paid for the mule was $95.00. It was expressly warranted sound. Distemper is an unsoundness; about one horse or mule in ten dies with it. The treatment used by plaintiff was proper. In severe cases, lancing the swelling is necessary. Whether or not it requires skill, depends on the position of the swelling. If a mule were kept in a lot, free from contagion, for two weeks, and showed no signs of distemper, a witness for plaintiff stated that he would consider it free from the disease.

The evidence for the defendant was, in brief, as follows: The mule had been in a lot, free from contact with diseased mules, for about two weeks before the sale; it showed no signs of disease and was bright and lively. Distemper is not an unsoundness; it is a cold caused by overheating, hard driving, exposure, change of climate or careless handling, and is contagious. It requires from seven to nine days to develop. By proper treatment, it can be cured, and does not materially injure the value of a mule. Where the swelling is lanced, skill is required. The first time defendant heard of the death of the mule, plaintiff told him it had taken sick and died, and proposed to buy another on credit; defendant told him he could not sell on a credit, and plaintiff responded that he would sue defendant.

The jury found for plaintiff $95.00 and interest. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court overruled the objection to the following question propounded by plaintiff's counsel to him in his interrogatories: "Was he (the mule) exposed by you to stock that were diseased?"—Objected to as leading.

(3.) Because the summons did not set out any amount of damages and had no copy attached, and therefore did not support the verdict.

(4.) Because the court charged as follows·· "If the seller expressly warrants the soundness of the mule, it is immaterial whether the defect was patent or latent, whether the unsoundness was known or not known to the seller; if it really existed at the time of the sale, the seller would be liable therefor on the warranty for the damage resulting from the unsoundness, unmixed with any negligence or maltreatment of the mule by plaintiff. If you believe from the evidence that Farkas sold the mule to Stewart under an express warranty of soundness, and that the mule was at the time of the sale unsound, and from said unsoundness died within a few days after the sale, and that the plaintiff, before the mule died, did all to cure and save him that a prudent and careful man would and could do, then you would find for the plaintiff the damage proved, even to the full extent of the purchase money, as the evidence may warrant."

The motion was overrlued, and defendant excepted.]