BELL & BROTHER *vs.* RICH, and *vice versa.*

1. Where suits were brought in a justice's court, and the notes attached to the summonses were each for $100.00, with interest, costs of collection and ten per cent attorney's fees, the justice had no jurisdiction to render judgment thereon; and the want of jurisdiction having been fixed by the suit, jurisdiction could not afterwards be conferred by an agreement of the parties that the judgment should be rendered on each suit for $100 and interest.

(a.) This case differs from that in 59 *Ga.*, 406.

2. An entire lien claimed by a material man, and recorded in accordance with the statute, cannot be enforced by dividing the amount and giving notes of less than $100 each and suing them in a justice's court. The statute contemplates but a single lien as to each transaction, and a single suit to enforce it.

(*a.*) While it is permissible to divide a large debt into several smaller sums, in order to hasten its collection by bringing suits in a justice's court on each of these separate amounts, it has not yet been held by a full bench that such an arrangement could be entered into to facilitate the procurement of judgments, and thereby to defeat a lien which had attached by the levy of an attachment upon the defendant's property; nor is it necessary that this question should now be decided.

(*b.*) It is doubtful whether a lien on realty can be enforced by a suit in a justice's court.

January 21, 1885.

Justice Courts. Jurisdiction. Liens. Debtor and Creditor. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Five justice court *fi. fas.*, in favor of Bell & Brother against Brown, were levied on a certain lot which was claimed by Rich. The five cases were consolidated and tried together. The following facts appeared on the trial: Bell & Brother filed a claim of lien, as material men, on the property in dispute, for materials furnished in the erection of a building thereon for Brown. The amount claimed was $995.36, " with interest at the rate of eight per cent per annum from July 25, 1881, till paid, together with ten per cent attorney's fees." This was dated September 16, 1881. For this debt plaintiffs took five notes of defendant, dated July 25, 1881, due January 1, 1882, three of them for $100.00, one for $84.00 and one for $51.00. Each of these provided that, if not paid promptly when due, defendant was to pay " all costs of collection and ten per cent attorney's fees." Suits were brought on each of these notes in a justice's court, a copy of each note being attached to the corresponding summons. An agreement was made between plaintiffs and defendant that

v 73-17.

judgment should be rendered in each of the five cases for the principal amounts of the respective notes, and plaintiffs should have a lien, as material men, on the property; that execution should be stayed for fifteen days; and that plaintiffs could then proceed to enforce their claim. Judgment was entered accordingly, and the *fi. fas.* levied on the property. The claimant claimed under a deed from defendant, dated November 25, 1881. Under the charge of the court, the jury found the property not subject to the three *fi. fas.* for $100.00 each, but subject to the other two. Plaintiffs moved for a new trial, on the following grounds:

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the court charged that, if any of the notes on which plaintiffs' judgments are founded were for one hundred dollars principal, and contained a stipulation that the defendant would pay an additional ten per cent, as attorney's fees, and suit was commenced by plaintiffs in the justice's court on each of said notes, by attaching a copy of the same to a summons requiring defendant to answer plaintiffs' demand on the note, such suit was for both the principal and said fee, and so for an amount beyond the jurisdiction of the court; and no agreement between the plaintiffs and defendant, made after the claimant had purchased the property and without his consent, by virtue of which agreement such court got jurisdiction and plaintiffs recovered judgment on such notes, would bind the claimant; and the jury should find the property not subject to the *fi. fas.* issued on such judgment.

The motion was overruled, and plaintiffs excepted. Claimant also excepted to the admission in evidence of plaintiffs' *fi. fas.*, the objection being that the justice had no jurisdiction, the amount being beyond the jurisdiction of his court, and that the justice could not foreclose a lien on realty.

REED & REINHARDT, for plaintiffs.

A. A. MANNING; FRANK A. ARNOLD, for claimant.

HALL, Justice.

Both parties excepted to the decision of the lower court in this case,—the claimant, because the justice's court had no jurisdiction to enforce a lien upon real estate, where the claim secured by the lien had been divided into a number of notes, so as to bring the amount of each note within the jurisdiction of that court; and the plaintiff, because three of his justice's court *fi. fas.* levied on the land claimed were found to be void. In these three cases, suits. were instituted upon notes' for one hundred dollars each, with interest and the cost of collection, and ten per cent attorney's fees. The summons in each case at the time it was issued had attached a copy of the note sued on, as required by the statute. Code, §4139. Each of these notes, adding attorney's fees and cost of collection to the principal, exceeded the sum of one hundred dollars. At the trial term, by consent of the parties, a judgment was rendered on each for the sum of one hundred dollars and interest.

1. We will consider the last point first. The jurisdiction of this court is limited to one hundred dollars and interest, and where the amount sued for exceeds that sum, the judgment rendered thereon, whatever its amount, is void for want of jurisdiction. Where jurisdiction depends upon the amount sued for, it seems pretty well settled that the fact is determined by the sum claimed in the pleadings,. and not upon the amount which may be finally recovered.. *Taylor vs. Blassingame, ante* page 111. As jurisdiction, where it has once rightfully attached, cannot be divested by subsequent occurrences, so where it was wanting at the inception of the suit, it cannot be conferred by any after arrangement between the parties. The case of *Cox et al. vs. Stanton,* 59 *Ga.,* 406, so confidently relied on by the able counsel for plaintiff, does not support the position that the remission of a sufficient amount of the claim, after the commencement of the suit, to bring it with-

in the jurisdiction, will render it cognizable by that court, even though the defendant may give his consent to the reduction. In that case, the claim was reduced without the consent of the opposite party, before the commencement of the action, and it was held that for the want of this consent the court had no jurisdiction; that a judgment rendered by a justice's court on a claim which exceeds its jurisdiction is a mere nullity, and binds nobody. See *Hill vs. Haas, ante* page 122 and cases there cited. It follows that there is nothing in the writ of error and the bill of exceptions prosecuted by the plaintiff; and the judgment thereby complained of, must be affirmed.

2. Can an entire lien claimed by a material man, and recorded in pursuance of the statute be enforced by numerous suits, where the amount it was taken to secure has been divided into sundry smaller sums, and notes taken for each of such sum, in order to hasten its collection by resorting to a justice's court? The statute creating lien in favor of a party furnishing material for the improvement of real estates, and providing a remedy for its enforcement, evidently contemplates but a single lien as to each transaction, to be claimed and recorded on the real estate thus improved within thirty days after the material is furnished, and but a single suit for its enforcement. Code, §§1979, 1980, sub. sec. 1, 2, 3. These statutes are to be strictly construed. It has been repeatedly decided that it is admissible to divide a large debt into several smaller sums, in order to hasten its collection by bringing suits in a justice's court on each of these separate amounts. 18 *Ga.,* 668; 22 *Id.,* 466; 23 *Id.,* 616. But it has not yet been held by a full bench, that such an arrangement could be entered into to facilitate the procurement of judgments, and thereby to defeat a lien which had attached by the levy of an attachment upon the defendant's property. Two of the judges held that this might be done, but the other, the present Chief Justice, dissented from that view. 60 *Ga.,* 669, 673. Judge Crawford, whose judgment was

reversed by the majority decision in this case, was a mem-
ber of this court with the Chief Justice and Mr. Justice
Speer, when the question was next presented.   The Chief
Justice adhered to his former views, in which Justice Craw-
ford concurred.   The remaining justice expressed no opin-
ion, for sufficient reasons there given, and as it was not
desirable to overrule the judgment of the majority in the
former case, except by the concurrence of a full bench,
the point was left for future determination.   69 *Ga.*, 133.
The precise point discussed in these cases is not necessarily
involved here, nor does it rest upon a principle essential
to a solution of the question which this record presents, and
we therefore leave it as we find it.   The controversy in
those cases related to the right to defeat or displace a lien
that had attached, by this resort to a division of larger de-
mands into several smaller ones.   In this case it is whether
a lien, set up in accordance with the statute which confers
the right, can be enforced by any other method than that
prescribed by the statute.   Since the passage of the act
allowing a large debt to be divided into smaller sums, and
a separate note taken for each of such sums in order to
confer jurisdiction upon the justice's court, the right or
propriety of such a course has not been questioned.   It
took a statute, however, to confer the jurisdiction.   But
here is a lien that is to be enforced by a suit, and not by
sundry suits, according to the statute creating it.   If it had
been for one hundred dollars, or less, it is doubtful whether
it could have been enforced by a suit brought in the jus-
tice's court, it being upon land; but being for an amount
beyond that jurisdiction, there is no express enactment
authorizing it to be divided in order to bring it within the
cognizance of that court.   An express enactment is neces-
sary for the purpose of conferring authority to act upon
courts of limited jurisdiction; they take nothing by intend-
ment.   It is insisted. not that the title of the claimant is
encumbered by the independent lien created by these
judgments, but by the recorded lien which it was their

purpose to enforce. This lien not being enforced, however, in the manner and within the time required by law, does not bind the property claimed, and it follows that the claim should have prevailed, not only as to a part, but as to all of these executions. The claimant's bill of exceptions must be sustained, and the judgment complained of thereby is to be set aside.

Judgment reversed.