SIMMONS *v.* COOLEDGE & BROTHER.

1. When the judge of the superior court is absent from the county in which a levy of an execution, or other process issued by the clerk of that court, is made on personal property, the ordinary, under the provisions of section 3648 of the code, is the only judicial officer authorized to grant an order for the speedy sale of such property; and an order for such sale granted by the judge of the superior court of another circuit is void.
2. Whenever a speedy sale of personal property is made under the provisions of the above cited section, it should affirmatively appear that two days notice of the applicant's intention to apply for the order of sale was duly given, unless the case falls within some one of the exceptions specified in that section.

November 12, 1894.

Levy and claim. Before Judge LUMPKIN. Fulton superior court. March term, 1894.

Execution in favor of Simmons against Mrs. Smith was levied on furniture to which a claim was interposed by Cooledge & Brother. The jury found for the claimants, and plaintiff's motion for a new trial was overruled. The material ground of the motion arises upon the following facts: Claimants had a mortgage on furniture, given to them by Mrs. Smith. They foreclosed it, and the mortgage *fi. fa.* was levied by the sheriff. Shortly afterwards an order for sale of the property under levy, within ten days, under the code, §3648, was passed by the judge of the superior courts of the Stone Mountain circuit, the judge of the Atlanta circuit (where the

levy was made) being absent therefrom. Under this order the sheriff made a public sale of the property, and it was bid off and paid for by the claimants. Plaintiff attacked this sale and purchase, on the grounds, among others, that only the ordinary had the power to grant the order of sale in the absence of the judge of the circuit; and that it did not appear that Mrs. Smith was served with notice of the application for the order of sale. The court ruled that the judge of the Stone Mountain circuit had authority to grant the order; and that if irregularities existed as to advertisement, etc., they would not avoid the title of the claimants if they were *bona fide* purchasers without notice.

SIMMONS & CORRIGAN, for plaintiff.

HARRISON & PEEPLES, for claimants.

LUMPKIN, Justice.

It is unnecessary to deal specifically with the numerous questions made in this case. It turns mainly upon the proposition announced in the first head-note. Section 3648 of the code provides, in substance, among other things, that whenever any process issuing from a superior court is levied on personal property of a perishable nature, or which is liable to deteriorate in value from keeping, or is expensive to keep, and it remains in the hands of the levying officer because of a failure by the defendant to replevy the same, " upon the facts being made plainly to appear to the judge of the superior court, or to the ordinary of the county in which such levy is made, during the absence of the judge of said superior court," it shall be his duty to order a sale of the property; provided, " that no judicial officer shall grant any order for the sale of personal property where the defendant in *fi. fa.* or other process, or his attorney, has not had at least two days' notice of applicant's intention to apply for such order, which notice shall specify the time and place of hearing."

The question is: whether, in the absence of the judge of the superior court from the county, the judge of another judicial circuit has the authority to grant an order of sale under the provisions of this section; or is such authority then confined to the ordinary of the county in which the levy is made? It was insisted that the non-resident judge had such authority by virtue of sections 247 and 248 of the code. The first of these sections, after declaring that judges of the superior courts have authority in various matters not pertinent to the present inquiry, provides generally, in paragraph 6, that they may "exercise all other powers necessarily appertaining to their jurisdictions, or which may be granted them by law." The next section declares that "The authority granted in the preceding section to each judge in his own circuit, may be exercised by any judge of another circuit whenever the resident judge is absent from the circuit," etc. While the language authorizing judges of the superior courts to exercise all powers "which may be granted them by law" would probably be broad enough to include the power mentioned in section 3648, and consequently, to authorize a non-resident judge to exercise that power in the absence of the resident judge, if that section had not distinctly provided upon whom the exercise of this authority should devolve in case of such absence, we are of the opinion that, by deliberately conferring this power upon the ordinary, the legislature meant to declare that he, and he alone, should act when the judge of the superior court whose circuit embraced the county of the levy was away from that county. Section 3648 of the code became a part of our statute law long after the adoption of sections 247 and 248; and it is hardly probable that, in enacting the law embodied in section 3648, the legislature had in mind that they were conferring upon a judge of the superior court authority to grant outside of his circuit an order for the speedy

sale of personal property, because of the broad and very general provisions in sections 247 and 248 which we have already pointed out. Certainly there was no express intention to extend the authority conferred by section 248 to cases arising under section 3648. It is far more reasonable to conclude that it was intended to grant authority to order such a sale, to an officer who would most probably be always at hand during the absence of the resident judge. At any rate, it was distinctly declared that, in the absence of the judge of the superior court from the county, the ordinary should attend to this business; and there being no intimation of a purpose to authorize or allow any other judicial officer to attend to it, we think the section confers the authority upon the ordinary when the resident judge of the superior court is absent from the county. It follows from the foregoing that the sale by the sheriff, at which the defendants in error became purchasers, was void and passed no title to them, it having been made under an order granted by the judge of the Stone Mountain circuit, who had no legal power to grant the same.

In view of the provisions of section 3648, recited in the beginning of this opinion, it cannot be doubted that even if the order had been granted by an officer vested with full authority in the premises, it should be made to affirmatively appear that the two days' notice of the applicant's intention to apply for the order of sale was duly given, unless the case be one which falls within some of the exceptions specified in that section where, in the sound discretion of the judge, a sale may be ordered without notice.          *Judgment reversed.*