## PEEPLES *v.* STRICKLAND.

Where a promissory note, in addition to the principal sum undertaken to be paid, included also a stipulation "to pay as liquidated damages all costs and ten per cent. attorney's fees incurred in collecting," and suit was instituted on the same in a justice's court, the summons requiring the defendant to "answer the complaint of R. L. Strickland upon an action by promissory note for one hundred dollars, a copy of which is hereto attached," such suit was for the recovery of a sum greater than one hun-dred dollars and not within the jurisdiction of the justice's court, and on appeal in the superior court, after judgment by the justice, ought to have been dismissed on motion of defendant for want of jurisdiction in the justice to render the judgment.

Argued June 24,—Decided July 20, 1897.

Appeal. Before Judge Milner. Gordon superior court. August term, 1896.

*Shumate & Maddox*, for plaintiff in error.
*T. W. Skelley* and *R. J. & J. McCamy*, contra.

LITTLE, J. There is but one question for determination in this case. Was the original suit in the justice's court for an amount greater than one hundred dollars? If it was not, the court committed no error. If it was, then the court erred in not dismissing the suit on the motion of defendant's counsel after the same came to the superior court on appeal.

The civil jurisdiction of justices of the peace, by the constitu-tion and laws, is limited to a principal amount not exceeding one hundred dollars. The summons in this case called on the

defendant to appear on a named day at the justice's court "to answer the complaint of R. L. Strickland upon an action by promissory note for one hundred dollars, a copy of which is hereto attached." The copy of the note attached to the summons is as follows:

"$100.                    "Calhoun, Ga., Nov. 12, 1891.

"On or by the first day of January next, we promise to pay R. L. Strickland or bearer the sum of one hundred dollars for value received; and in consideration of credit given, we hereby waive and renounce for ourselves and family all of the benefits of the homestead and of realty and personal property under the constitution and laws of Georgia, so far as they refer to the payment and collection of this debt; with interest at eight per cent. per annum, from date; and further agree to pay as liquidated damages all costs and 10 per cent. attorney's fees incurred in collecting. Witness my hand and seal.

"Signed in presence of          H. J. Peeples (L. S.),
          Will Watts.       W. M. Peeples (L. S.)."

It becomes important to ascertain what sums of money were undertaken to be paid by this contract. First, the sum of one hundred dollars principal was contracted to be paid; then interest at the rate of eight per cent. per annum from date; then, as liquidated damages, all costs and ten per cent. attorney's fees, that is, besides the named principal of one hundred dollars, interest on the principal at eight per cent., the costs of the case, and ten dollars besides, which would be the expense the plaintiff would incur in suing on the note, and which was made by agreement a fixed and certain indebtedness, if the note was sued. This note then represented a principal indebtedness greater than one hundred dollars. Clearly the makers were bound for one hundred and ten dollars, besides interest and cost.

It has been ruled by this court repeatedly, that when a note stipulates to pay a given amount as principal and a certain per cent. as attorney's fees, such attorney's fee is itself a part of the principal. If not, what is it? It is certainly not interest. Justice Atkinson in the case of *Almand* v. *Almand & George,* 95 *Ga.* 204, in delivering the opinion of the court on this

point, says: "That the attorney's fees constitute a part of the principal debt is decided by a long and uniform current of decisions in this State, commencing with the case of *Baxter* v. *Bates*, 69 *Ga.* 587, and continuing through successive volumes of our Reports to the case of *Beach* v. *Atkinson*, 87 *Ga.* 288." The cases so adjudicated are *Johnson* v. *Stephens*, 69 *Ga.* 756; *Bell* v. *Rich*, 73 *Ga.* 240; *Searcy* v. *Williams*, 75 *Ga.* 504; *Ashworth* v. *Harper*, 95 *Ga.* 660. We can safely conclude that in the case at bar the promissory note, which was the foundation of the action, represented a principal indebtedness of one hundred and ten dollars, besides interest.

The next point which arises, and which is to be determined by inspection of the original summons in the justice court, is what amount was sued for in that court. Speaking for myself, if it were an original proposition, the right of a plaintiff at will to reduce without the assent of his debtor the amount represented in his contract so as to bring it within the jurisdiction of a court whose jurisdiction is limited in amount, and thereby obtain judgment at an earlier day for a part of his debt other than was contemplated in the contract, would not find much favor with me as a matter of law; but howsoever this may be, I am bound by the adjudications of this court, and yield a ready assent to its rulings. In the present case this question can not arise. The question to be determined is, for what amount did the plaintiff bring his suit and seek a recovery?

By the summons the defendants were called on to appear at court on a named day, "to answer the complaint of R. L. Strickland upon an action by promissory note for one hundred dollars, a copy of which is hereto attached." The action then is on the promissory note; for in a justice court there is no pleading save the summons to which the copy is attached (*Carnes* v. *Mattox*, 71 *Ga.* 515; *Farkas* v. *Stewart*, 73 *Ga.* 90), and the cause of action sued on and attached can not be totally changed (*Vaughan* v. *McDaniel*, 73 *Ga.* 98). By Civil Code, § 4116, the justice is required to attach a copy of the note *sued on* to the summons at the time it is issued. It can not well be contended that the suit was to recover one hundred dollars of the indebtedness created by this note, because the summons

does not so aver. On the contrary, the defendant is to answer in an action by a promissory note for one hundred dollars. This one hundred dollars is not the cause of action, because as used it is descriptive only of the promissory note. This must be so, because the words following, "a copy of which is hereto attached," could apply to nothing except the promissory note, which as we have seen specifies on the margin at head of the instrument the marks and figures $100.

This action was brought on the promissory note; the note attached to the summons was for one hundred dollars, interest, costs and ten per cent. attorney's fees. In our opinion the justice had no jurisdiction to render any judgment thereon. *Bell* v. *Rich*, 73 *Ga.* 240; *Almand* v. *Almand*, 95 *Ga.* 204; *Rimes* v. *Williams*, 99 *Ga.* 281. Where jurisdiction depends on the amount sued for, the fact is determined by the sum claimed in the pleadings, not upon the amount recovered.

The court erred in refusing to dismiss the case, on motion, for want of jurisdiction in the justice to render a judgment in the original suit.

*Judgment reversed. All the Justices concurring.*