## 89. SOUTHERN RAILWAY COMPANY *v.* CHESTNUT MOUNTAIN MERCHANDISE COMPANY, for use, etc.

1. Certiorari to the superior court will lie from the *verdict of the jury* in a justice's court, without regard to the judgment. Civil Code, § 4149. And where such a verdict has been rendered, it is not necessary that either the petition for certiorari or the answer of the magistrate should show the final judgment. It is the verdict, and not the formal judgment following that verdict as matter of course, which must be attacked. Section 4149, supra, affords an exception to the general rule that a final judgment must be shown. It is based upon the reason that justice's

courts have no power to grant new trials; and the party injured by a verdict of the jury in a justice's court must go to the superior court, or the verdict will stand.

2. But while, in a case where there has been an appeal to a jury in a justice's court, "the certiorari is to correct the *verdict,*" the answer of the magistrate must show that there was a verdict, and what verdict, if any, was rendered.

3. Consequently, where the answer of the magistrate did not verify the allegations of the petition for certiorari, as to the rendition of a verdict by the jury, and no exceptions were taken, to require an answer more explicit, there was no error on the part of the judge of the superior court in overruling the certiorari. Assignments of error in a petition for certiorari which are not verified by the answer of the original trial court present nothing for determination by the superior court or the Court of Appeals.

Certiorari, from Hall superior court—Judge Kimsey. January 30, 1906.

Argued February 11,—Decided May 9, 1907.

*John J. Strickland, Ed. Quillian, C. R. Faulkner,* for plaintiff in error. *Wilford B. Sloan,* contra.

RUSSELL, J. The plaintiff in error filed a petition for certiorari, making assignments of error as to refusal to sustain a demurrer, and as to the admitting in evidence of the receipt of its agent for the freight on certain buggies, and the allowance of an amendment making Oliver & Morrow usees of the Chestnut Mountain Merchandise Company. The petition further alleged that the verdict was erroneous, for lack of evidence. The certiorari was overruled by the judge of the superior court, and exception is taken to his judgment.

We can not reverse the judgment overruling the certiorari. The judge of the superior court must get the truth of the case from the answer; the certiorari would not lie until the final determination of the case in the justice's court, and the answer of the justice did not show, either that the case had been finally decided by verdict, or, if so, what was the finding of the jury. Ordinarily it must appear that there has been a final judgment, and the answer of the justice must verify the judgment alleged as being the judgment which was rendered. By the terms of the Civil Code, § 4149, where a case is appealed to a jury in a justice's court, the *verdict,* instead of the judgment, must be excepted to. This is for the reason, as stated by Chief Justice Jackson in *Boroughs* v. *White,*

69 *Ga*. 844, in discussing that section (then §4157j) of the Code, that "the purpose of this enactment is to provide for a new trial, where the facts and law demand it. No power exists in the justice court to award a new trial in any case. To obtain it, the injured party must go to the superior court by writ of certiorari, or the verdict of the five men who try the appeal in the justice court will stand forever, no matter how unjust it may be." But while it was not necessary that the answer of the justice in this case should show a final judgment, which would follow as a matter of course upon the rendition of the verdict, it was necessary that the answer of the justice should verify the fact that the trial before the jury had resulted in a verdict, or else the certiorari would have been prematurely brought; and that it should show that the verdict complained of in the petition was in reality the verdict rendered; or else nothing was presented for the determination of the court. As the justice in this case answered merely that the case "was tried before a jury, as set forth in the petition," there was nothing before the judge of the superior court for determination, and the certiorari was properly overruled; and his decision, under the express ruling in *Manning* v. *Gainesville,* 125 *Ga.* 239, and cases therein cited, must be affirmed.

We do this the more willingly because, under the decisions of this court in *Barfield* v. *G. S. & F. R. Co., Askew* v. *Southern Ry. Co.,* and *Davis* v. *Kirkland,* ante, 203, 79, 5, there is no merit in the other assignment of error. The opinion in *Brown* v. *Bonds,* 125 *Ga.* 841-2, 844, cited by learned counsel for the defendant in error, as authority for his contention that even where certiorari is taken from the result of a trial on appeal in a justice's court, a final judgment must appear, is not in conflict with what we have ruled above. Nor was the question now before us involved in the case of *Brown* v. *Bonds.* For that reason it is not applicable to this case.   The decision in *W. & A. R. R.* v. *Carson,* 70 *Ga.* 389 (2) is controlling. It distinctly and properly construes section 4149 of the Civil Code, and expressly holds that it is the verdict of the jury, and not the judgment thereon, which is to be corrected by certiorari.                    *Judgment affirmed.*