### 1214.  SOUTHERN RAILWAY COMPANY *v.* GRACE.

1. In the determination of alleged errors, on certiorari, the answer of the justice furnishes to the court the only authoritative information as to what occurred in the trial sought to be reviewed. Assignments of error, in a petition for certiorari, which are not verified by the answer of the justice, present nothing for the consideration of the superior court.

2. As the answer to the writ of certiorari in the present case does not verify the statement in the plaintiff's petition, that a judgment was rendered against it in the justice's court, the judge of the superior

court, in dismissing the petition for certiorari, did not commit any error of which the petitioner in certiorari can justly complain.

Certiorari, from Telfair superior court—Judge Martin. April 22, 1908.

Submitted July 16,—Decided July 25, 1908.

*J. F. DeLacy,* for plaintiff in error.

*Graham & Graham,* contra.

RUSSELL, J. According to the allegations of the petition for certiorari, one Grace brought suit against the Southern Railway Company, to recover damages for the killing of a heifer and two head of sheep, and for the burning of certain fence, which was sworn to as if it were an ordinary account; and the justice of the peace entered up judgment against the defendant, without any evidence being submitted in the case. In other words, complaint is made that the only verification of the plaintiff's demand was the affidavit attached to the statement of account, that the same was just, true, due, and unpaid. It is further alleged that the court rendered judgment in the case in absence of any summons, and overruled the defendant's motion to dismiss the case upon the ground that there was no legal summons issued or served as required by law. If these complaints of the petitioner in certiorari had been sustained by the answer of the justice, or their truth had been established by traverse (if the justice denied such to be the facts), the judge of the superior court would undoubtedly have sustained the certiorari, instead of dismissing it. If the original summons is not forthcoming when the case is called for trial in the justice's court, and if it has been lost or destroyed, it is the duty of the justice to have a copy established before proceeding with the trial. If the original is still in existence, and for any reason can not be produced at the time of the trial, the court should continue the case until the original summons can be brought into court. A summons in a justice's court supplies the place of the petition or declaration in other courts, and is indispensable to the trial. A judgment in the justice's court is void, where no summons is issued. *Gunnels* v. *Deavours,* 54 *Ga.* 496; *Jeffers* v. *Ware,* 72 *Ga.* 135; *Farkas* v. *Stewart,* 73 *Ga.* 90; *Peeples* v. *Strickland,* 101 *Ga.* 831 (29 S. E. 22). One reason of the importance of a summons and of its presence at the trial is suggested by the present case.

Before all else, the summons calling the defendant into court to answer the plaintiff's demand is indispensable to give jurisdiction to the justice's court. Should a review of a justice's court trial be desired, it would be necessary for the summons to be transmitted by copy to a reviewing court.

In response to the writ of certiorari in the present case, the justice first answered by merely saying that he sent up copies of all the proceedings in the case. This answer was made on August 16, 1907. To this answer counsel for the petitioner in certiorari filed exceptions, specifying that the answer of the justice was defective, in that he failed to send up the original summons and other proceedings with his answer, and because he failed to answer any of the averments of the petition or to state whether these averments are true or not, because his answers contain no response from which it can be determined whether the averments of the petition are intended to be verified or denied. In these exceptions the counsel for the petitioner in certiorari recognized that the answer of the justice must at last control the reviewing court in determining what really transpired in the court in which the case was originally tried. And no principle is better settled. In the determination of alleged errors on certiorari, the answer of the justice furnishes to the court the only authoritative information as to what occurred in the trial sought to be reviewed. Assignments of error in a petition for certiorari, which are not verified by the answer of the justice, present nothing for the consideration of the superior court.

In response to these exceptions the justice filed another answer as follows: "The case was called for trial in justice court of the 1357th district, G. M., on the 24th day of May, 1907. Counsel for the defendants called for the original papers in said case, and the constable, J. B. Marchman, stated that he forgot the papers and left them at home. Counsel then stated the case could not be tried without the original papers. The court then called W. A. Grace, who stated that the defendants knew of said suit and had offered him a compromise, provided he would pay the costs in said case. The court then told the counsel for the defendants that if he could show that there was not due notice, then the case would be continued, but in default to do this the court would give judgment. Then counsel gave notice of certiorari, in which there was filed with the court a petition of certiorari, and the court has not

the averments present, but this is the status of the case. The court has made diligent search for the originals and can not find them, as the same are lost or misplaced. The court thinks the papers were burned by the cleaning out of the house after an epidemic of measles had gone through the family." He attempted to account for the failure to send up the original paper, but he did not show that any judgment was rendered against the defendants; and therefore did not show anything which gave the petitioner in certiorari a right to complain. As the answer to the writ of certiorari in the present case does not verify the statement in the plaintiff's petition, that the judgment was rendered against it in the justice's court, the judge of the superior court, in dismissing the petition for certiorari, did not commit any error of which the petitioner in certiorari could justly complain.

It did not appear from the answer of the justice what disposition, if any, was made of the case before him, or that any judgment was rendered and entered by him, so far as can be drawn from the answer. Even if his statement that he would give judgment is to be taken as meaning anything, it can be as well presumed, especially in view of the absence of any evidence in the lower court, that the judgment which he intended to enter or did enter was in favor of the defendant, as that it was in favor of the plaintiff. See *Stoner* v. *Magins,* 116 *Ga.* 797 (43 S. E. 45) ; *W. & A. R. Co.* v. *Clark,* 2 *Ga. App.* 346 (58 S. E. 510).

The petitioner in certiorari had excepted once. It should have excepted again and forced the magistrate to answer definitely and exactly as to what kind of judgment, if any, was entered, so as to show the judge of the superior court that there had been a final disposition of the case in the court below,—a judgment rendered for the court to review. Otherwise the superior court would be without jurisdiction in the premises. By reason of the fact that the petitioner did not again except to the failure of the justice to answer that a final judgment was rendered and to state what judgment was rendered, nor insist that its exception to that effect, already filed, should be answered, neither the superior court nor this court can properly undertake to pass upon the merits of the assignments of error made in the petition for certiorari; and, consequently, there was no error in dismissing the certiorari. The petitioner in certiorari seems either not to have insisted upon his

exceptions at the time of the hearing, or to have overlooked the fact that no final judgment appeared from the answer, or to have considered that the answer was full enough to imply a final judgment. The fact remains, however, that no final judgment, so far as the answer shows, was ever rendered.          *Judgment affirmed.*