## 5549.  HUMPHRIES *v.* NALLEY.

1. Exceptions to the answer to a writ of certiorari must be filed in writing, and notice thereof given to the opposite party before the case is called in its order for hearing. *Chandler* v. *Baggett,* 13 *Ga. App.* 333 (79 S. E. 179) ; Civil Code, § 5196.
2. Where the answer to a writ of certiorari does not verify the statement in the petition that the verdict or judgment was rendered against the complaining party, or disclose what disposition of the case was made in the trial court, the dismissal of the certiorari on the defendant's motion affords the plaintiff in certiorari no ground for complaint. *Western & Atlantic Railroad Co.* v. *Clark,* 2 *Ga. App.* 346 (3) (58 S. E. 510) ;, *Stoner* v. *Magins,* 116 *Ga.* 797 (43 S. E. 45) ; *Jessey* v. *Dean,* 122 *Ga.* 371 (50 S. E. 139) ; *Manning* v. *Gainesville,* 125 *Ga.* 239 (53 S. E. 1002).
3. In view of the rulings cited, exceptions to the answer of the magistrate (the answer failing to verify the allegations of the plaintiff in certiorari as to the rendition of the judgment complained of), which were presented upon the hearing and without notice to the opposite party, came too late, and the judge of the superior court did not err in dismissing the certiorari. *Judgment affirmed.*

                    DECIDED JULY 21, 1914.

Certiorari; from Fulton superior court—Judge Ellis. January 9, 1914.

*Frank L. Neufville,* for plaintiff in error.

*R. W. Crenshaw,* contra.

RUSSELL, C. J.  This case originated in a justice's court, and a petition for certiorari was sanctioned. The magistrate's answer, filed in due time, failed to disclose what final judgment, if any, had been entered in the case. Upon the call of the case in the superior court the defendant in certiorari moved to dismiss the certiorari, because of this deficiency in the answer. As certified by the presiding judge; it was not until the case came on to be heard and the above-stated motion had been made that the plaintiff in certiorari offered exceptions to the answer. We think the court properly disallowed the exceptions, for the reason, as stated, that they were not filed in time; and, of course, thereafter there was no error in dismissing the certiorari. It is insisted by counsel for the plaintiff in error that written exceptions were not necessary, since the answer of the justice, at least inferentially, admitted that there was a trial and a verdict as alleged. It is argued that no other construction can be placed upon the answer. In reply to this we can only say that statements in a petition for certiorari

must be verified by the answer, and that it has been repeatedly held that silence on the part of the magistrate as to statements made in the petition can not be construed as an admission of the truth of these statements. *Taft* v. *Smith*, 112 *Ga.* 196 (37 S. E. 424) ; *Ford* v. *Toomer*, 116 *Ga.* 796 (43 S. E. 45) ; *Cooper* v. *Gainesville*, 125 *Ga.* 240 (53 S. E. 1002) ; *Southern Ry. Co.* v. *Grace*, 4 *Ga. App.* 563 (2), 566 (61 S. E. 1048). As was said in *Southern Ry. Co.* v. *Chestnut Mountain Merchandise Co.*, 1 *Ga. App.* 733 (58 S. E. 247) : "While it was not necessary that the answer of the justice in this case should show a final judgment, which would follow as a matter of course upon the rendition of the verdict, it was necessary that the answer of the magistrate should verify the fact that the trial had resulted in a verdict—or else the certiorari would have been prematurely brought; and that it should show the verdict complained of in the petition was in reality the verdict rendered, or else nothing was presented for the determination of the court." In that case, following the ruling in *Western & Atlantic R. Co.* v. *Carson*, 70 *Ga.* 389, we held that where there is a verdict of a jury, it is the verdict, and not the judgment thereon, which is to be corrected by certiorari. But even if the answer of the justice in the present case can be held to verify the fact that there was a verdict, it does not conform to the second requirement adverted to in *Southern Ry. Co.* v. *Chestnut Mountain Merchandise Co.*, supra, that it should show that the verdict complained of was the verdict actually rendered. The precise point now before us was not involved in that case, but even if it was, the rulings of the Supreme Court in the cases cited above are controlling.

Counsel for the plaintiff in error argues that his exceptions to the answer should have been allowed when tendered, because "counsel is not permitted to take part in the preparation of the answer of the justice, but is left at his mercy, and if a case is lost before a jury, many technicalities have to be guarded against before the case can be reviewed by a superior-court judge." In view of the prior decisions, it can only be said, as to this, that the policy of the law requires counsel to inspect the answer before the certiorari is called for a hearing, and permits the filing of exceptions to any defects which may appear therein, provided the exceptions be filed and notice thereof given prior to the time when the case is called in its order.

Since we are without power to correct defects in the existing mode of procedure, if defects there be, it would be profitless to further elaborate the rulings announced in the headnotes of the decision.        *Judgment affirmed. Roan, J., absent.*