10038.   WOODARD *v.* SMITH-KASSELL COMPANY.

WADE, C. J.   In this case there was an attempt to sue in a magistrate's court on an open account, but the original summons was never signed by the magistrate, though the copy served upon the defendant appeared to be regular. The defendant interposed a demurrer, on the ground that there had been no legal service, but he withdrew the demurrer, and thereupon filed a proper traverse to the return of the officer, complaining that there had been no legal service. Regardless of whether, under the requirement of section 4715 of the Civil Code that all suits before justices of the peace and notaries public who are ex-officio justices of the peace "shall be issued and signed by the justice

of the peace or notary public of the district in which the suit is brought," the failure of the magistrate to sign the original summons could be *waived* by the defendant (as to which see *Gunnells* v. *Deavours*, 54 *Ga.* 496; *Jeffers* v. *Ware,* 72 *Ga.* 135; *Farkas* v. *Stewart*, 73 *Ga.* 90; *Peeples* v. *Strickland*, 101 *Ga.* 831, 29 S. E. 22), it does not appear in this case that there was anything to constitute such a waiver on the part of the defendant in the justice's court; and, there being no legal service, the judge of the superior court erred in sustaining the certiorari.

*Judgment reversed. Jenkins and Luke, JJ., concur.*
DECIDED JUNE 12, 1919.

Certiorari; from Laurens superior court—Judge Kent. June 22, 1918.

From the petition for certiorari and the answer it appears that when the case was sounded at the appearance term of the justice's court the defendant demurred in writing on the ground that there had been no legal service. The plaintiff moved to enter up judgment in its favor, contending that proper service appeared from the officer's return, which was not traversed, and that the defendant, by appearance and pleading "in the form of his demurrer," had waived all irregularities in process, absence of process, and service. The court, over objection of the plaintiff, allowed the defendant to withdraw the demurrer and file a traverse to the return of service. The court sustained the traverse and dismissed the case; and in the petition for certiorari the rulings stated were complained of. The judge of the superior court sustained the certiorari, and the defendant excepted.

*Fred Kea,* for plaintiff in error.