## 12811.  LUCAS *v.* OGLESBY.

JENKINS, P. J.  A stepfather of minor children, who has not received from their mother a gift or transfer of her parental rights, is not entitled to the value of their services or to prosecute a laborer's lien therefor, such right, where not transferred by her, remaining solely in the mother. Civil Code (1910), §§ 3022, 3032, 3037; *McElmurray* v. *Turner,* 86 *Ga.* 215, 219 (12 S. E. 359); *Brown* v. *Sockwell,* 26 *Ga.* 380, 386; *Cox* v. *Adams,* 5 *Ga. App.* 296 (63 S. E. 60); *City of Albany* v. *Lindsey,* 11 *Ga. App.* 573, 576 (75 S. E. 911).

(*a*) It appearing, from the instant foreclosure affidavit and the undisputed evidence, that the lien claimed by the stepfather included in part labor of his stepchildren, and that he failed to show any legal right thereto or what part of the total amount alleged to be due represented his own labor, the verdict for the full amount of the lien was unsupported by evidence, and it was error to overrule the defendant's certiorari.

> *Judgment reversed. Stephens and Hill, JJ., concur.*
> DECIDED APRIL 1, 1922.

Certiorari; from Tattnall superior court — Judge Strange. July 23, 1921.

*A. S. Way, S. B. McCall,* for plaintiff in error.

---

## 12814.  MOORE *v.* COLEMAN.

JENKINS, P. J.  " Assignments of error and recitals of fact in a petition for certiorari not affirmatively verified in the answer cannot be considered." *Shirling* v. *Kennon,* 119 *Ga.* 501 (2) (46 S. E. 630). The answer of the justice of the peace to the petition for certiorari in this case showing merely that a trial had been had before a jury, and containing a brief of the evidence, but wholly failing to show the rendition of any verdict, or to verify the allegations of the petition, and no exception to the answer having been made by the petitioner, the petition presented no question for determination, and it was error for the judge of the superior court to overrule the motion to dismiss of the opposite party and to sustain the petition. *Manning* v. *Mayor &c. of Gainesville,* 125 *Ga.* 239 (55 S. E. 1002); *Southern Ry. Co.* v. *Chestnut Mountain Merchandise Co.,* 1 *Ga. App.* 731 (2, 3) (58 S. E. 247); *Humphries* v. *Nalley,* 14 *Ga. App.* 804 (2) (82 S. E. 357).

> *Judgment reversed. Stephens and Hill, JJ., concur.*
> DECIDED APRIL 1, 1922.

Certiorari; from Tattnall superior court — Judge Sheppard. July 7, 1921.

*A. S. Way, S. B. McCall,* for plaintiff in error.
*Kirkland & Kirkland,* contra.