### 17375.  PARKER & DUNN v. STATE OF GEORGIA.

STEPHENS, J.  One who files an intervention claiming title to a vehicle against which condemnation proceedings have been instituted under the act which provides for the condemnation of vehicles transporting prohibited liquors along the public highways (Act 1917, Ex. Sess., p. 16) is chargeable with notice of an application, already of file in the same court, for a "short-order" sale of the property under section 6068 of the Civil Code (1910).

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 10, 1927.

Confiscation; from city court of Richmond county—Judge Black. April 1, 1926.

Application for certiorari was made to the Supreme Court.

STATEMENT OF FACTS BY STEPHENS, J.

A petition to condemn an automobile as the property of C. B. Wellmaker, upon the ground that it had been seized while engaged in the transportation of alcoholic liquors on a public highway in this State, was filed on November 5, 1925, in the city court of Richmond county in behalf of the State of Georgia by W. Inman Curry, solicitor of the court. On the same day the plaintiff filed in the same court a petition for a "short-order" sale of the automobile seized, upon the ground that its upkeep was expensive, as provided in section 6068 of the Civil Code (1910). On November 6, 1925, Parker & Dunn filed in the same court an intervention, claiming title to the automobile as vendors under a retention-of-title contract of sale, and alleging that they had no knowledge that the automobile had been engaged in the transportation of alcoholic liquors, and had not consented to its being so engaged. It appears from the record that an order passed on November 20, 1925, sustained the claim of title of the interveners and awarded to the interveners a valid lien on the automobile to the extent of the unpaid purchase-money and interest. On the same date another order was passed, directing that the property be sold on December 3, 1925, before the court-house door of the county, after ten days'

---

Intoxicating Liquors, 33 C. J. p. 685, n. 46 New.

notice by the posting of a notice at the court-house and at two other public places in the county. The property was sold at the time and place designated. On or about December 31, 1925, the interveners, Parker & Dunn, filed in the same court a motion to set aside the sale, on the ground that they had received no notice of the application for a "short-order" sale, and that for this reason the order of sale and the sale thereunder were illegal and not binding upon the interveners.

Upon the hearing of this motion evidence was introduced. It did not appear that any notice of the filing of the application to sell the automobile had been served upon the interveners, but it did appear that upon the day the application for sale was filed the solicitor of the court wrote a letter to the attorney for the interveners, in which he informed their attorney that he was that day filing proceedings to condemn the automobile and was also applying for "a quick-order sale." The solicitor testified that when the order sustaining the intervention and awarding title to the interveners was passed it was understood by their counsel that the order of sale, which was passed the same day, was to be passed. The court overruled the motion to set aside the judgment, and the movants excepted.

*Paul T. Chance,* for plaintiffs in error.

*W. Inman Curry,* solicitor, contra.