## PARKER & DUNN *v.* STATE OF GEORGIA.

1. It appearing that the required notice of intention to apply for an order for speedy sale of property under the Civil Code, § 6069, was not given, and it not appearing that the case fell within either of the exceptions to that requirement provided in that statute, the court was without jurisdiction to pass the order.
2. Jurisdiction could not be conferred by the fact that intervenors were chargeable with notice of the application of file, and did not object to the grant of the order.
3. Under the facts it can not be held that the intervenors were estopped to attack the validity of the order.

No. 5899.  APRIL 16, 1928.

Certiorari; from Court of Appeals.  36 *Ga. App.* 370.

*Paul T. Chance,* for plaintiffs in error.

*W. Inman Curry, solicitor,* contra.

HINES, J.  This case is in this court upon certiorari to review the judgment of the Court of Appeals.  36 *Ga. App.* 370 (136 S. E. 800).  The facts sufficiently appear from the report cited, with this additional statement:  The condemnation petition and the order issued thereon, requiring the defendant to file a defense, if any he had, within thirty days from the date of the filing of

said petition, were not served upon C. B. Wellmaker, the defendant. He did not acknowledge service, nor appear and plead. On the day the condemnation petition was filed the State applied for an order to sell the seized automobile, upon the ground that some time would elapse before the issue in the case could be tried, that there was considerable expense attending the keeping of the auto-. mobile, and that the same was fast deteriorating in value. The court passed an order requiring Wellmaker to show cause, on November 11, 1925, why an order should not be granted for the sale of the automobile as prayed by applicant, and that the petition and order be served upon Wellmaker at least three days before the hearing. The petition for said order and the rule nisi issuing thereon, were not served upon the defendant therein, nor upon intervenors. In the judgment finding in favor of the intervenors, the court ordered the seized automobile to be stored with intervenors. It appears from the evidence that this was to be done without charge for storage. On the day of the sale the sheriff telephoned to the place of business of intervenors for them to send the automobile to him. His message was received by a negro mechanic, who, without the knowledge or consent of intervenors, took the automobile down to the sheriff. Another employee of the intervenors was present at the sale, and bid upon the automobile, but this was done without the knowledge and not at the instance of intervenors.

1. Under the Civil Code (1910), § 6069, no judicial officer shall grant any order for the sale of personal property under § 6068, where the defendant in process or his attorney has not had at least two days notice of the applicant's intention to apply for such order, which notice shall specify the time and place of hearing; and in no case shall such notice be dispensed with, except where it shall be made to appear that it is impracticable to have such notice perfected, or the case is an urgent one, in which latter event the court may, in the exercise of a sound discretion, grant such order without notice. Whenever a speedy sale of personal property is made under the provisions of the above-cited section, it should affirmatively appear· that two days notice of the applicant's intention to apply for the order of sale was duly given, unless the case falls within some one of the exceptions specified in that section. *Simmons* v. *Cooledge, 95 Ga.* 50 (21 S. E. 1001).

By parity of reasoning, if such notice is not given, it should affirmatively appear that the notice was not given because it was impracticable to have such notice perfected, or that the case was an urgent one. Neither of these facts affirmatively appears in this case. It affirmatively appearing that the notice was not given to the defendant in the process, and it not affirmatively appearing that the case fell within either of the exceptions to the requirement for notice, the court was without jurisdiction to pass the order for the speedy sale of the property.

2. "The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code (1010), § 5964. The judge being without jurisdiction to grant the order for the sale of the automobile as the property of Wellmaker, the defendant in the process, jurisdiction could not be conferred by the fact that the intervenors were chargeable with notice of the application already of file, praying for such order, and made no objection to the grant of the order. *Bell* v. *Rich,* 73 *Ga.* 240; *Cornett* v. *Ault,* 124 *Ga.* 944 (53 S. E. 460). No litigant has his day in court when the court has no jurisdiction to render judgment or grant an order.

3. Applying the principles above ruled, the order of the court for the speedy sale of this property was null and void; and under the facts appearing in the record, it can not be held that the intervenors were estopped from attacking the validity of this order, especially in view of the facts that the automobile was sold at a mere song, and was bought in at the sheriff's sale by the sheriff's deputy.

*Judgment reversed. All the Justices concur, except Hill and Gilbert, JJ., who dissent.*

Gilbert, J., dissenting. On November 5, 1925, the solicitor of the city court of Richmond County filed a petition to condemn a "liquor car" seized by the sheriff on November 2. The judge passed an order thereon for Wellmaker, possessor of the car when seized, to file his defense within thirty days, and for this petition and order to be served on him. On the same day the solicitor filed another petition in said court, setting up that said car was deteriorating and would be expensive to keep, and that an order to

sell at the earliest legal time was necessary to preserve all rights. This petition prayed that Wellmaker be required to show cause why an order for immediate sale should not be granted, and that on a hearing a sale order be granted. The judge passed an order requiring Wellmaker to show cause, on November 11, as prayed, and that this petition and order be served on him at least three days before said hearing. On November 6, Parker & Dunn filed an intervention setting up that the car had been sold by them to one Johnson in September, 1925, under retention-of-title contract, for $300, of which only $50 had been paid, and that said car was not the property of Wellmaker but their property; and praying that the same be turned over to intervenors, *or sold subject to their lien* if found to be of greater value than said lien. The intervention was allowed. On November 20, counsel for both sides agreed to submit the cause to the judge without a jury. After a hearing on that date the judge passed two orders: One was that the property be sold by the sheriff on December 3 to the highest bidder for cash, that the sheriff post a notice of said sale at the court-house and two other places ten days before sale, and that the sheriff hold the funds of said sale, which should be in lieu of said property under all claims. The other was that the intervention be sustained, and that intervenors have a first lien and claim upon the automobile to the amount of $250, besides interest, and that said car be stored with them by the sheriff, who should take a receipt therefor.

On January 5, 1926, the intervenors filed a petition setting up that said car was sold by the sheriff on the sale day, being knocked off to a deputy sheriff for $28; that the order of sale was granted without the statutory 3-day notice to petitioners; that there was no necessity for the sale at the time, as said car was not deteriorating, and was stored with them, by order of the court, free of charge; that the court having, on the date the order of sale was granted, passed another order upholding the claim of intervenors, they were entitled to notice and a hearing on the application for a sale, and, not having received either, said order of sale and said sale were void. They prayed to have the same so declared, and for a rule directing the solicitor to show cause why they should not be so declared. A rule was granted as prayed, returnable January 11. On April 1, the judge passed an order reciting that the inter-

venors had their day in court, that on November 20 their claim had been sustained, but that Parker, one of them, testified that the market value of the car exceeded balance due them; whereupon the court had passed another order directing the sale to be had on December 3, and that this order was passed with the full knowledge of intervenors and their attorney and without any objection on their part, that the custody of the car was transferred to intervenors at their request until the day of sale, that on the day of sale the sheriff notified them to bring the car to the place of sale, and the intervenors' bookkeeper went and bid on said car, and that the car had never been in the possession of the solicitor. Whereupon the court denied the petition to declare void said sale and the order therefor. On the hearing alluded to J. T. Moore, employee of intervenors, admitted that a car stored from November 2 to November 20 would deteriorate some, the battery going dead and the tires depreciating. The solicitor testified that the order of sale was passed with the knowledge of Dunn and his attorney, and that said attorney knew it because he objected to it verbally at the hearing. A written notice from the solicitor to the attorney for intervenors to the effect he was filing condemnation proceedings, and a petition for a quick-sale order, dated November 5, the date said petitions were filed, was introduced in evidence. To the judgment refusing to void said sale and the order therefor said intervenors excepted, appealing the case to the Court of Appeals, which court affirmed the lower court. On application, appeal of the latter judgment to this court was granted by a writ of certiorari.

1. In view of the evidence regarding deterioration of the battery and tires of the automobile, the court had jurisdiction to grant the "short order of sale" under the Civil Code (1910), §§ 6068, 6069. Moreover, the plaintiffs in error do not raise this question in the record carried to the Court of Appeals. It is not even mentioned in the petition for certiorari or in brief of counsel.

2. The trial judge was authorized to find, under the evidence, that the intervenors had full legal notice before the order of sale was granted, that they were represented at the hearing personally and by attorney, and that it was then understood by the intervenor, Dunn, and attorney that the order to sell would be granted. Moreover, the intervenors prayed that the property be "sold subject to their lien," which was precisely what the order of the court required.

3. On the merits of the case the judgment of the Court of Appeals should be affirmed. However, it is obvious that the case should be dismissed on the ground that the petition 'for certiorari was improvidently granted. There certainly is no question of law which can be said to be of gravity and importance. The only real question raised was whether the intervenors had received the statutory notice provided under the Code. On this question the evidence was conflicting, and the trial judge decided against the contention of intervenors. This is an ordinary case of condemnation of a second-hand automobile seized and sought to be sold because of a violation of the penal statute regarding transportation of intoxicating liquors    (Ga. Laws Ex. Sess. 1917, p. 16, § 20). Under the evidence the automobile sold for $28. There was no objection to the sale or claim to the property, except that of intervenors who claimed a retention of title with $250 of the purchase-price unpaid, which claim was recognized by the court, who ordered the car sold subject to that claim. Certainly if there ever was a case destitute of any claim or right, under the decisions of this court, to a second review by certiorari, the present case is an outstanding example. It is true that the petition for certiorari alleged that "the effect of said judgment is to deprive plaintiffs in error of their property without due process of law;" but even if this could be said to raise a constitutional question, no such question was raised in the Court of Appeals, or in the trial court. *L. & N. R. Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90), and cit. I am authorized to say that Mr. Justice Hill concurs in this dissent.