17375.   PARKER & DUNN *v*. STATE OF GEORGIA.

DECIDED MAY 22, 1928.

*Paul T. Chance,* for plaintiffs in error.

*W. Inman Curry, solicitor,* contra.

STEPHENS, J.   After proceedings had been instituted in the city court of Richmond county in behalf of the State of Georgia against C. B. Wellmaker, to condemn an automobile upon the ground that it had been seized while being used by the defendant in the transportation of alcoholic liquors on a public highway in this State, and after the plaintiff therein had made a written application for a short-order sale of the automobile upon the ground that its upkeep was expensive, as provided in § 6068 in the Civil Code of 1910, Parker & Dunn filed an intervention claiming title to the automobile as vendors under a retention-of-title contract of sale.   Upon the trial the court sustained the claim of the intervenors and awarded to them a lien upon the automobile to the extent of the unpaid purchase-money and interest, and on the same date granted the plaintiff's application for a "short-order" sale and ordered that the property be sold after ten days' notice by publication as required by law.   The property was sold at the time and place designated. Afterwards the intervenors, Parker & Dunn, filed in the same court a motion to set aside this sale upon the sole ground that the movants had not received notice of the application for the "short-order" sale, and that for this reason the order of sale and the sale thereunder were invalid.   The material part of this motion reads as follows:

"4.   Petitioners further show that the aforesaid order directing the sale of said automobile was granted by the court without the three days notice to petitioners as required by the statutes of Georgia in such cases, and without any notice at all to petitioners of such application for such order; that no necessity existed, as contemplated by statute, for such application and order, as the said automobile was, by order of this court, previously granted in said

case, stored with petitioners, free of charge, and was in no way deteriorating in value; that the court having on the same date adjudged petitioners' title to be good and valid, they were entitled to have such three days' notice required by statute, and entitled to a hearing on said application, in order to have set forth the above facts and been otherwise advised of (such proceedings; that not having such notice in) writing as required by law, the said order was and is null and void, and the sale had in pursuance thereof is null and void, and should be so declared by this court."

After hearing evidence the court overruled the motion to set aside the sale. The intervenors excepted and brought the case to this court for review. The judgment overruling the motion to set aside the sale was affirmed in the case of *Parker & Dunn* v. *State of Georgia,* 36 *Ga. App.* 370 (136 S. E. 800), upon the ground that the intervenors, who came into the case by an intervention filed after the application for the "short-order" sale had been made, took the record as they found it and were chargeable with notice of the application for an order to sell the property, and that therefore there was no merit in the motion to set aside the sale upon the sole ground that the intervenors had received no notice of the application for an order of sale. Upon certiorari obtained by the intervenors the Supreme Court, in 166 *Ga.* 256 (142 S. E. 879), held that the order of sale was invalid, upon the ground that no legal and valid notice had been given to the defendant, C. B. Wellmaker, against whom, as the original owner of the automobile having it in possession at the time it was seized, the original proceeding to condemn the automobile was brought. The Supreme Court accordingly reversed the judgment of affirmance rendered by this court. It is necessary, therefore, in giving effect to the judgment of the Supreme Court, that the judgment of the Court of Appeals, affirming the judgment of the city court of Richmond county, be vacated, and that the judgment of the city court of Richmond county be reversed.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*