### 19531. WILBANKS *v.* BOWMAN.

Submitted November 13, 1956—Decided January 15, 1957.

*G. W. Langford,* for plaintiff in error.
*Fariss & Fariss,* contra.

Almand, Justice. The exception here is to a final decree declaring a judgment rendered in a justice of the peace court, in favor of J. E. Wilbanks against Jack H. Bowman, to be null and void, and canceling the record of the execution based on the judgment. The undisputed evidence on the trial of the case before the judge, sitting without a jury, disclosed that Wilbanks, in April, 1955, obtained a judgment in the justice of the peace court in the principal sum of $190 against Bowman, upon a summons, the original and copy of same not being signed or dated; that, at the time and place named in the summons, Bowman appeared in person on the hearing, and stated to the justice of the peace presiding that he had no defense to the action, and he did not offer any evidence or participate in the trial of the suit; that, after judgment was rendered against him, he employed counsel, who filed an appeal to the superior court in his behalf, and subequently he dismissed the appeal on suggestion of the court that, under the proceedings in the justice court, the judgment was void.

A suit before a justice of the peace is commenced when a written summons is issued and signed by the justice of the peace of

the district in which the suit is brought. Code § 24-1102. Such summons, duly signed by the justice of the peace, calling the defendant into court to answer the plaintiff's demand, is indispensable to give jurisdiction to the justice court, and a judgment rendered without any summons having been so issued is void. *Gunnels* v. *Deavours*, 54 *Ga.* 496; *Jeffers* v. *Ware*, 72 *Ga.* 135. The fact that the defendant was present in court at the time of the trial, without participating therein, and appealed the case to the superior court, where he dismissed the appeal, did not bar him from subsequently asserting that the judgment was void. A judgment that is void for want of jurisdiction does not afford any ground for applying the doctrine of res judicata or estoppel. *Eagan* v. *First National Bank*, 212 *Ga.* 212 (91 S. E. 2d 499).

The court did not err in decreeing that the judgment of the justice of the peace court was void, and directing the cancellation of the record of the execution issued upon such void judgment.

*Judgment affirmed. All the Justices concur.*